MOLBY *v.* DETROIT UNITED RAILWAY.

STREET RAILWAYS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

In an action by a truck driver for personal injuries received by him when his truck was struck on a highway crossing by defendant's interurban car, where the undisputed physical facts established by uncontradicted testimony demonstrate that either plaintiff did not look in the direction from which the car was coming, or looked so indifferently as not to see the car in plain sight, he was guilty of contributory negligence as a matter of law.

Error to Oakland; Lamb (Fred S.), J., presiding. Submitted October 20, 1922. (Docket No. 183.) Decided December 29, 1922.

Case by Charles Molby against the Detroit United Railway for injuries caused by a collision with a motor truck. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*George A. Sutton* (*Robert D. Heitsch,* of counsel), for appellant.

*James H. Lynch,* for appellee.

Plaintiff was injured and a truck he was driving damaged in a collision with an interurban car of defendant on Charing Cross road between Birmingham and Pontiac. The accident occurred about 6:45 in the evening of October 22, 1920. Defendant's double tracks here parallel the highway which is a continuation of Woodward avenue and is called Woodward avenue in the record. This highway is of cement construction. Charing Cross road strikes

The care required of a driver of an automobile at railroad crossings is discussed in a note in 46 L. R. A. (N. S.) 702.

Attempting to cross in front of observed street car as contributory negligence, see note in L. R. A. 1917C, 692.

it at right angles. Plaintiff drove his empty truck up from Birmingham on the cement road until he reached Charing Cross road when he turned off the pavement into Charing Cross road. He testifies that when he turned off the cement road he slowed down and looked to the south but saw no car coming and proceeded without again looking and was struck by a car coming from that direction. Plaintiff also produced as a witness a civil engineer who had made measurements and prepared a blueprint of the *locus in quo* of the accident. The measurements taken by plaintiff's engineer established that when plaintiff turned off the pavement he was 17 feet from the point of collision and from the point he claimed to have looked to the south and had an unobstructed view of the track for 630 feet. The figures given by the engineer in his examination in chief as well as upon cross-examination based on comparative rates of speed demonstrate beyond question that the car was less than 630 feet from the point of collision when plaintiff claims he looked to the south. Another of plaintiff's witnesses testified from observation that one could see the headlights on defendant's cars a mile to the south as they "broke over" the hill. The plaintiff testifies that the headlight was burning when he was struck, and one of his witnesses who saw the car immediately after the accident says that both the headlight and the lights in the car were on. At the close of plaintiff's case the trial judge directed a verdict for defendant on the ground of plaintiff's contributory negligence.

FELLOWS, C. J. (*after stating the facts*). This case does not fall within that line of cases where plaintiff saw the car or train approaching and in the exercise of reasonable prudence concluded that he could cross with safety. Plaintiff does not claim such a state of

facts as to bring himself within that line of authorities. The case falls within that line of cases where the undisputed physical facts established by plaintiff's testimony demonstrate that had plaintiff looked with the slightest degree of care he could not have failed to see the approaching car or train, where the undisputed physical facts established by uncontradicted testimony demonstrate that either (1) plaintiff did not look, or (2) looked so indifferently as not to see a car in plain sight.   The instant case can not be distinguished from but is controlled by *Champaign* v. *Railway*, 181 Mich. 672.   In that case both plaintiff and her husband claimed to have looked, but the undisputed physical facts established by their testimony demonstrated that at the rate the car was running they could not have failed to see it had they looked.   It was there said by Mr. Justice STEERE, speaking for the court:

"In the face of such unquestionable evidence, and particularly in the absence of evidence that the car was running at excessive speed, it cannot in reason be said that plaintiffs' testimony that they looked or listened, and did not see or hear the car, raises an issue for the jury.   The car came to that point running along the track.   Had they looked to the extent and at the time the law requires, they could and must have seen it.   The physical facts which they themselves testify to negative their own testimony to the contrary."

See, also, *Manos* v. *Railway*, 168 Mich. 155; *Weil* v. *Railway*, 186 Mich. 614; *Lanier* v. *Railway Co.*, 209 Mich. 302; *Pershing* v. *Railway Co.*, 206 Mich. 304; *Davis* v. *Railway*, 162 Mich. 240; *Apsey* v. *Railroad Co.*, 83 Mich. 432.   The rule announced in the *Champaign Case* is applicable to the facts in the instant case.   It has been adopted by this court and is the only safe rule unless we desire to put a premium on perjury.

We do not perceive that the question of discovered

negligence was urged in the court below, nor does the testimony take that question to the jury. *Baker* v. *Delano*, 191 Mich. 204; *Wortman* v. *Railway*, 218 Mich. 119.

The judgment will be affirmed.

WIEST, MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.