BILLINGSLEY *v.* GULICK.

1. MOTOR VEHICLES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—PRE-
SUMPTION OF DUE CARE—INSTRUCTION.

In action for death of pedestrian, where plaintiff claimed that
decedent was standing on gravel at edge of pavement when
struck by defendants' automobile, and defendants claimed
that he was crossing pavement at curve, at the time, with
his head down and not looking for approaching traffic, and
that he was about 25 feet ahead of them when they first
saw him, and that they could not avoid striking him, it was
error to instruct jury that presumption that decedent was
using due care is not overcome by testimony as to his acts at
moment he was struck unless defendants saw him sufficient
time in advance so that they might have controlled their car.

2. SAME—RULE AS TO REBUTTAL OF PRESUMPTION OF DUE CARE.

It is not rule that automobile driver, to rebut presumption of
due care on part of pedestrian, must have seen him sufficient
time in advance to have controlled car.

3. SAME—TEST AS TO CONTRIBUTORY NEGLIGENCE OF PEDESTRIAN.

Instruction that pedestrian about to cross pavement in front
of approaching automobile would not be guilty of contributory
negligence if struck if he believed he could safely cross, was
error, since test is not what he believed, but whether, under
the circumstances, he used care and precaution of ordinarily
prudent person.

4. SAME—INSTRUCTION—PRESUMPTION OF DUE CARE.

Instruction excluding defendants' testimony as to decedent's
want of due care before being struck, and instructing jury
that in absence of other evidence decedent was presumed by
law to have exercised due care in crossing pavement, was
error.

5. SAME—EVIDENCE—LOCATION OF ARTICLES.

Where pedestrian was accidentally killed on much-traveled road
about midnight, admission of testimony in action therefor as
to location of various articles early next morning without
affirmative proof that there had been no change of position
after accident was error.

---

Duty and liability of pedestrian struck by automobile while cross-
ing street, see annotation in 14 A. L. R. 1185.

Error to Allegan; Miles (Fred T.), J. Submitted October 10, 1930. (Docket No. 52, Calendar No. 35,160.) Decided December 2, 1930.

Case by Mabel Billingsley, as administratrix of the estate of Gurnard Billingsley, deceased, against Verle Gulick and another, for personal injuries resulting in the death of plaintiff's decedent. From judgment for plaintiff, defendants bring error. Reversed, and new trial granted.

*Leo W. Hoffman* and *Clare E. Hoffman* (*Carl E. Hoffman,* of counsel), for appellants.

*Howard, Kimball & Howard,* for appellee.

WIEST, C. J. Plaintiff's decedent, at night, crossed a paved highway, at a curve or bend, to serve a waiting automobile with a quart bottle of oil, and thereafter was seen standing upon the gravel at the edge of the pavement and at a point where, it is claimed, the light of an automobile approaching from the south would plainly disclose him. A Ford roadster approached from the south, struck and instantly killed him. Defendants claim that the deceased was crossing the pavement about 25 feet ahead of their automobile when the driver first saw him, and it was then impossible, even by swerving the car to the left, to avoid striking him. If the deceased was standing upon the gravel shoulder at the side of the pavement when struck, then defendants were guilty of negligence and he was not guilty of want of care. If he left the gravel and was crossing the pavement with his head down and not looking for on-coming traffic from the south, then, to say the least, the question of his want of

care was for the jury, and the court was in error in giving the following instructions:

"Mr. Billingsley is dead, and there is in the law a presumption that he assumed due care in coming to and being in the place he was when hit. This presumption is overcome only by testimony of the eye-witnesses whom you believe, showing acts by deceased which constitute a lack of due care on his part before he was hit. The testimony of the defendants only as to the acts of deceased at the moment he was struck is not sufficient to overcome this presumption unless they saw him a sufficient time in advance so that they might have controlled their car."

Defendant Gulick testified:

"When we first saw him (the deceased) he was right on the right-hand edge of the pavement, going north. He kept right on walking across the road. He didn't look our way. When the car struck him it was about the center of the pavement itself. Mr. Lohrberg made an effort to avoid striking him. He turned to the left of the road as quick as anybody could, toward the center. At no time was the car off the pavement and on the gravel, before the accident."

Defendant Lohrberg testified:

"When the car had straightened out and we could see him, I could see him about 25 feet ahead, I imagine 25, 30 feet.

"Q. And where was he when you first saw him?

"A. He was about three or four, about four feet from the edge of the pavement on the right-hand edge.

"Q. What was he doing?

"A. Walking across the road, to my left. He didn't look toward the car at all. He had something

in his right hand that looked like an oil can or bottle. When I first saw him I swerved to the left, put on my brakes, but I didn't have time to stop there, I just swerved. He kept right on going, walked right into the side of the car.''

This testimony, if accepted by the jury, disclosed negligence on the part of the deceased. The case is not one where the driver of the automobile did not see the pedestrian until struck by the car. See *Petersen* v. *Lundin*, 236 Mich. 590. It is not the rule that defendants, to rebut a presumption of care on the part of the deceased, must have seen him a sufficient time in advance to have controlled their car. To say that, unless defendants saw the deceased in sufficient time to have controlled their car, in order to weigh their testimony against the presumption, made the defendants liable, even if the deceased came suddenly upon the pavement, and without exercising any care.

There was also error in the following instruction:

''The deceased, as a pedestrian about to cross upon the highway in a thickly settled suburban district in the nighttime, seeing an automobile approaching, is not guilty of contributory negligence if he proceeds on his way believing he can safely do so.''

Such is not the test. The test is whether, under the circumstances, he exercised the care and precaution of an ordinarily prudent person.

The following instruction was erroneous:

''If you find from the evidence there is no testimony except that of the defendants as to the deceased's lack of due care before the moment he was struck, then I instruct you that the deceased is presumed by law to have exercised due care in coming to and being in the place where he was hit.''

This excluded the testimony of defendants relative to want of care of the deceased, witnessed by them before their car struck him.

The court also instructed the jury:

"But as I have said, no one saw him just before or at the time he started to cross the street, and therefore you should assume that he did look, and that he saw this car coming."

If such presumption is indulged, and the deceased crossed the street with his head down and gave no attention to the oncoming automobile, then he was guilty of contributory negligence.

The following instruction was also given:

"But if no one saw him start across the street you should assume that he did look and that he saw this car coming, and that he believed he had time to cross safely."

Again we say, the test is not what he believed, but whether, under the circumstances, he acted as an ordinary, prudent person.

A witness visited the scene early the next morning, and, over objection, was permitted to testify that there was a pool of blood on the gravel at the side of the pavement, also a deep impression in the gravel for about 30 feet from the south to the pool of blood, that a metal cap of an oil bottle was about three feet from the pavement and south of the pool of blood, and a shoe and a side windshield from a roadster were over in a dooryard.

The accident happened between 11 and 12 o'clock at night, and upon a much-traveled road, and the court was in error in receiving the testimony of the finding and location of articles, without affirmative proof that there had been no change of position after the accident. The accident caused other auto-

mobile drivers to stop and a crowd to gather. There was testimony of blood on the pavement about six feet from the edge, and that defendants' car was upon the pavement when it struck the deceased, and also testimony that after the car struck the deceased it left the pavement for a short distance.

It is difficult, from this record, to say whether the deceased was struck while upon the gravel or while upon the pavement.

For the errors pointed out, the judgment is reversed, and a new trial granted, with costs to defendants.

BUTZEL, CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.