DePotty *v.* CITY OF DETROIT.

Street Railways—Negligence—Contributory Negligence—Evidence.

> In action ·by automobile driver for injuries received in collision between automobile and street car, finding of trial court that physical facts testified to .by plaintiff established his contributory negligence as matter of law, precluding recovery, *held,* justified.

Appeal from Wayne; Ferguson (Homer), J. Submitted April 7, 1932. (Docket No. 48, Calendar No. 36,385.) Decided June 6, 1932. Rehearing denied September 14, 1932.

Case by Jacob DePotty against City of Detroit and another for damages sustained in a collision between plaintiff's automobile and defendants' street car. Judgment for defendants. Plaintiff appeals. Affirmed.

. *James Francis,* for plaintiff. .

*Raymond J. Kelly* and *Wm. J. McBrearty (A. A. Bonczak,* of counsel), for defendants.

McDonald, J. This is an action to recover damages for injuries sustained by the plaintiff in a collision between his automobile and the defendants' street car. On the trial at the conclusion of the plaintiff's case, the court rendered a decision in favor of the defendants on the ground that plaintiff was guilty of contributory negligence as a matter of law. Judgment was entered in favor of the defendants. The plaintiff has appealed.

---

As to credibility and effect of testimony of person injured at railroad crossing that he looked and listened, where he must have detected the train had he looked or listened, see annotation in L. R. A. 1915B, 140.

The accident occurred at about 8:30 o'clock in the evening of December 11, 1928. It was dark. The plaintiff was driving a Ford car toward the city of Detroit on the Grand River road on which at that time there was a street car track extending from Detroit to Farmington. As he arrived at or near the Eight Mile road it was necessary to cross the track. He says that before doing so he slowed his speed to about three miles an hour, looked, and listened but did not see or hear a street car approaching; that he proceeded to cross, and almost immediately was struck by a street car; that the street car carried no lights and did not sound its gong or whistle as it approached the crossing. The defendants offered no proof. The plaintiff's testimony leaves no doubt as to their negligence, but the trial court held that, in view of the physical facts established by his testimony, the plaintiff did not make the observations which he says he made and which the law requires him to make before attempting to cross a railway track; and that therefore he was guilty of negligence which precluded his recovery.

We have held in many similar cases that the testimony of a plaintiff who says he looked before crossing a railway track and saw no train or car approaching, does not raise an issue of fact if such testimony is contrary to the physical facts. If the train or car is in plain sight and he says he looked and did not see it, he is held not to have looked at all or to have looked inattentively. In the present case the plaintiff testified that when he was about 30 feet from the crossing he began to slow up and look for traffic; that there was nothing to interfere with his view; that he looked up and down the track and could see no street cars approaching; that he

looked again when he was about six feet from the track, saw that it was clear and proceeded to cross.

"*Q.* When you drove on the track, how far was the street car from you?

"*A.* I could not tell you that, because just as I got my front wheels on the track, I saw the yellow paint on the car, just a second before it hit. * * *

"*Q.* How many feet was it away from you?

"*A.* Well, sir, it could not have been over three feet from me when I saw the yellow paint on the car.

"*Q.* How dark was it that night?

"*A.* It was quite a dark night, not overly dark."

There is no evidence as to the speed of the car, but it was shown that it was unlighted. How far away it was when plaintiff made his observations before attempting to cross the track cannot be definitely determined. But as bearing on the question of whether he looked, or how attentively he looked, it is a significant fact that he did not see it until it was three feet from him, and at that time the front wheels of his automobile were just entering the track. In this connection the language of Justice Butzel in *Richman* v. *Railway Co.,* 254 Mich. 607, is applicable:

"Notwithstanding the fact that plaintiff claims that the locomotive of the south-bound train on the middle railroad track bore no headlight, and that he looked both north and south before he crossed the track, the very fact that the locomotive bore down upon him almost immediately upon his reaching the track, and struck the front part of his automobile, shows that he would have seen the oncoming train had he looked properly."

Though the street car was unlighted, it must have been in sight of the plaintiff before it got within three feet of him; and he would have seen it if he had looked properly.

We think the court did not err in holding that his testimony did not raise an issue of fact.

The judgment is affirmed, with costs to the defendants.

Clark, C. J.; and Potter, Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred.