RYBARCZYK *v.* NEW YORK CENTRAL RAILROAD CO.

Railroads—Negligence—Contributory Negligence.

> In action by truck driver for personal injuries received when his truck collided at an unprotected highway crossing with locomotive proceeding with tender ahead, where physical facts demonstrate that either plaintiff did not look for trains approaching from direction defendant's engine was coming as he should have done or did not see what he should have seen, he was guilty of contributory negligence as a matter of law.

Appeal from Berrien; White (Charles E.), J. Submitted April 17, 1936. (Docket No. 129, Calendar No. 38,833.) Decided June 11, 1936.

Case by Leo Rybarczyk against New York Central Railroad Company for personal injuries re-

ceived in a railroad crossing accident. Verdict and judgment for plaintiff. Defendant appeals. Reversed without a new trial.

*Joseph E. Killian* and *Charles W. Stratton,* for plaintiff.

*Gore, Harvey & Fisher* (*John J. Danhof,* of counsel), for defendant.

EDWARD M. SHARPE, J. This suit was brought to recover damages for personal injuries received in a crossing collision between a ton and one-half truck driven by plaintiff and one of defendant's locomotives as it was proceeding over the crossing with the tender ahead. The defendant railroad company is the owner of a single track line which runs between Galien and St. Joseph; and about three miles south of the city of St. Joseph is a crossing known as Vineland crossing. The engine left St. Joseph between 12 and 1 p. m. on December 10, 1932, and took some cars south through Vineland to Baroda and was returning to St. Joseph. The engine went forward on the trip south with the cars attached to the tender but had to back up on the return trip because no facilities were locally available for turning the engine around. The plaintiff had lived two and one-half miles south of Vineland for a number of years and knew that trains over that particular road did not run on a schedule. On the afternoon in question plaintiff, together with Robert Gast, Sr., and his 14-year old son, were driving west on an unpaved road known as the Vineland road. This road crosses the defendant's single track line and is a country crossing unprotected by flash lights or other mechanical devices. At the southeast corner of this intersection stands a house known as the Longfel-

low home and it is 30.5 feet south of the middle of the east and west road and is 58.2 feet east of the center line of the railroad track. South of the crossing and at a distance of about 275 feet stood a row of box cars on a siding, while north of the crossing at a distance of approximately 50 feet stood a tool shed.

The cause came on for trial and a jury found in favor of plaintiff. At the close of plaintiff's case, defendant made a motion for a directed verdict upon the theory that plaintiff was guilty of contributory negligence. This motion was denied by the trial court. It was again renewed at the close of all testimony and again denied. Defendant appeals.

Plaintiff claims that at about 3:30 in the afternoon of the day in question he was driving west on Vineland road at about 15 miles per hour and that as he approached opposite the Longfellow house he reduced the speed to seven or eight miles per hour; that as he passed the Longfellow house he looked to the south but saw nothing, he then looked north, he again looked to the south and saw the train approaching 125 feet away and traveling at a speed of 35 miles per hour; and that at this time plaintiff's truck was 25 or 30 feet from the railroad tracks and traveling at the rate of four or five miles per hour; he applied the brakes, turned the wheel to the north, and reduced the speed, but was unable to stop the truck or turn it. As a result, he hit the engine just below the cab at the drive wheels. Plaintiff also contends that defendant's train was being run at an excessive speed and in a negligent and careless manner; that it was plaintiff's intention to stop his car when he arrived at a point where he could look to both the north and south for approaching trains; and that he had his car under control and would

have been able to stop had it not been for the slippery condition of the highway just east of the crossing, which condition did not exist at any other place on the highway.

Upon an examination of the record we find that plaintiff presented testimony showing that the Vineland road is 30 feet wide, cinderized and graveled, and with a slight incline to the west, east of the crossing; that plaintiff was traveling on this highway at a rate of 15 miles per hour and as he got even with the Longfellow house he reduced his speed to seven or eight miles per hour; that he looked to the south and continued so to look until he reached a point 35 feet east of the crossing and during this period of time he saw no train or smoke over the box cars, he then looked to the north, saw no train, then again looked to the south, and saw a train 125 feet away; and that at this time he was about 30 feet east of the crossing and had reduced his speed to four or five miles per hour.

An examination of this testimony would indicate that while plaintiff was looking to the north his car traveled a distance of not to exceed five or six feet and at the same time the train traveled a distance of approximately 150 feet. It is our opinion that the physical facts do not bear out plaintiff's testimony. Either plaintiff did not look for trains approaching from the south as he should have done or did not see what he should have seen.

In *Molby* v. *Railway,* 221 Mich. 419, we said:

"The case falls within that line of cases where the undisputed physical facts established by plaintiff's testimony demonstrate that had plaintiff looked with the slightest degree of care he could not have failed to see the approaching car or train, where the undisputed physical facts established by uncontradicted

testimony demonstrate that either (1) plaintiff did not look, or (2) looked so indifferently as not to see a car in plain sight. The instant case cannot be distinguished from but is controlled by *Champaign* v. *Railway,* 181 Mich. 672.''

In *De Potty* v. *City of Detroit,* 258 Mich. 657, we said:

''The testimony of a plaintiff who says he looked before crossing a railway track and saw no train or car approaching, does not raise an issue of fact if such testimony is contrary to the physical facts.''

See, also, *Heintzelman* v. *Railroad Co.,* 260 Mich. 688.

In the case at bar we have given full credit to plaintiff's testimony and are constrained to hold that he was guilty of contributory negligence in failing to see the approaching train. From the physical facts the train must have been in sight before plaintiff looked to the north.

The judgment of the trial court is reversed, without a new trial. Defendant may recover costs.

North, C. J., and Fead, Wiest, Butzel, Bushnell, and Toy, JJ., concurred. Potter, J., took no part in this decision.