### ALBRECHT v. PRITCHARD.

1. APPEAL AND ERROR—NONJURY CASE—FINDING OF FACT—PRE-PONDERANCE OF THE EVIDENCE.

The Supreme Court does not supplant or overrule a finding of fact by trial judge in a nonjury case, where the proofs do not clearly preponderate against the finding.

2. AUTOMOBILES—LOCATION OF VEHICLES AT TIME OF COLLISION—QUESTION FOR TRIER OF FACTS—EVIDENCE.

The question as to the location at time of collision of plaintiff's car and trailer, being backed into plaintiff's driveway from street on which northbound defendant approached, was for

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 900.
[2] 5A Am Jur, Automobiles and Highway Traffic §§ 397, 1065.
[3] 5A Am Jur, Automobiles and Highway Traffic § 901 et seq.

the trier of the facts, where the testimony with respect thereto was in conflict, the location of the cars after the collision and the location of mud and debris not necessarily locating the point of impact with accuracy.

3. EVIDENCE—JUDICIAL NOTICE—PARTIAL VACUUM CREATED BY RAPIDLY MOVING BODIES.

A court will take judicial notice of the fact that a rapidly moving body creates a partial vacuum in its path, and in which objects are carried or thrown forward with a force proportionate to the rapidity of its movement.

4. AUTOMOBILES — CONTRIBUTORY NEGLIGENCE — NEGLIGENCE — NONJURY CASE—EVIDENCE—BACKING INTO DRIVEWAY.

Findings of trial court in nonjury case that plaintiff, backing his car and 2-wheeled trailer into drive on east side of street at dusk on a rainy night in March, was not guilty of contributory negligence and that northbound defendant was guilty of negligence in colliding with front end of plaintiff's car some 6 to 8 feet from east curb, *held,* supported by a clear preponderance of the evidence, where it appears plaintiff had observed an absence of traffic for about 1,000 feet to the south before starting to back his vehicles and that he moved them backwards continuously until the impact.

Appeal from Washtenaw; Breakey (James R., Jr.), J. Submitted October 4, 1956. (Docket No. 36, Calendar No. 46,802.) Decided December 6, 1956.

Case by Stanley Albrecht against Harold Pritchard for damages for personal injuries sustained in automobile collision. Judgment for plaintiff. Defendant appeals. Affirmed.

*Douglas K. Reading* and *Hubert Thompson,* for plaintiff.

*Burke, Burke & Ryan,* for defendant.

BLACK, J. This negligence case was tried to the court below. The trial judge found for plaintiff and entered judgment in his favor in the sum of $11,-163.45. Defendant has appealed.

Plaintiff, residing at the time on the east side of South Grove street in Ypsilanti, was preparing March 26, 1953, to move his household furniture and effects to another residence in Ypsilanti. For that purpose plaintiff had obtained and attached to the rear of his automobile, a 2-wheeled trailer. Immediately prior to presently related occurrences it was about dusk. Conditions were described as "rainy." Plaintiff was engaged in backing the car and the trailer from Grove into his driveway. Starting from position on the west side of Grove,* with the vehicle combination facing south, plaintiff commenced backing the car and trailer slowly and in a wide arc toward and into the driveway. When plaintiff looked last, to the south (the direction of approach of defendant's car), he was engaged in the backing operation and was "practically half way across the street." At that time he could see approximately 1,000 feet to the south on Grove. He testified no vehicle was then approaching within such space of view and that he thereafter continued to slowly back the car and trailer as indicated into the driveway. He did not look to the south again, his attention with opened left car door being directed to the rear for proper guidance of the trailer and car into the driveway, and did not see the defendant's northbound car until the instant of collision. At that time, according to testimony of plaintiff and his witness (one Elvis Hale), the front end of plaintiff's car was "approximately 8 feet out from the curb on the east side of Grove street."

It is not disputed that the right front end of defendant's car struck the left front end of plaintiff's car. The real dispute arises with respect to lateral locus of such point of impact. The trial judge on substantiating evidence found that defendant, hav-

---

* Grove street is 32 feet in width—curb to curb.

ing ample width of street—there being a complete absence of other vehicular traffic or obstruction—within which to drive safely past the slowly-backing car, was guilty of causal negligence in failing to timely discover presence of the latter and in failing to act accordingly. The trial judge found further, on strength of plaintiff's testimony and that of the mentioned witness, that plaintiff's car and trailer did not move forward into the street (from a position of "6 or 8 feet protruding    *    *    *    west of the east curb") as defendant's car was imminently approaching.

This last finding strikes at the heart of defendant's appeal. If the proofs do not clearly preponderate against it, we cannot even if so disposed —and we do not intimate any such disposition—supplant or overrule such pivotal finding of the constituted trier of facts. And, if that finding be sustained, the trial judge's ruling that defendant's negligence was exclusively proximate must be upheld.

From these observations we turn to defendant's assertion that the aforesaid finding of fact is unfounded—that is, contrary to clearly preponderating proof. Counsel contend, in the way of preface, "that the great preponderance of the credible evidence shows that the plaintiff's car, as a matter of fact, did roll forward into the path of the defendant while the defendant's attention was directed to his rear, through the rearview mirror." They go on to say:

"After the impact, the plaintiff's Pontiac was 12 feet or better out into the street from the curb line, with its right rear bumper jammed against the utility pole located on the curve of the curb at the driveway. This description of the position of the plaintiff's car after the impact, was concurred in by the officer, Herbert Smith, who investigated the accident. He testified, that the right rear bumper of the

plaintiff's Pontiac was against the utility pole and that the front end of the car was about 12 feet from the curb. This is contradictory to the plaintiff's testimony; which was to the effect that his car was struck when it was 6 to 8 feet out from the curb, and that its only change of position as a result of the impact was to straighten out the angle. How, then, could it have gotten to the position described by the officer and the defendant, with its rear end against the utility pole 1 foot back of the curb line and its front end 12 feet out into the street?"

The question, just quoted, finds its catechetical way into complete ineffectiveness here. Such inquiries are for triers of fact, to be answered, if at all, in the reflective chambers and jury rooms of trial courts. We can only repeat, as in *Prove* v. *Interstate Stages,* 250 Mich 478, 489, that:

"Without data on the phenomena of automobile collisions, without textbooks of experience or scientific experiment, without an accepted standard, without even accurate information of the weights and speeds of the instant vehicles and the angle of the blow, this Court has no basis which would justify it in taking judicial notice that plaintiff's car could not have been thrown into its position by the impact if it were standing still when struck, when it is hardly less mysterious how it got into that position at all."

Aside from the above, defendant stresses location as found after the collision of "mud and debris in the street." He points to testimony that the bulk of such debris was found on the center line of the pavement, and to the investigating officer's testimony that it was found "just east of the center line," and argues that such testimony locates with preponderating force the point of impact as being in or near the center line of the pavement. On that hypothesis defendant asserts that plaintiff's car must have

started forward, immediately prior to collision, from its position near the east side of the pavement.

The trouble with this contention is that it fails to consider, as triers of fact may and sometimes should, judicially-noticeable rules of physics. Contrary to popular impression, the location of debris following violent automotive collision does not necessarily locate the point of impact, with accuracy at least. Debris and broken glass do not always, if we consider physics, drop like a plummet from point of collision. Indeed, and in the present case, the trier of facts would have been justified in finding that located presence of such debris is just as consistent with plaintiff's theory as with that of defendant. It, the debris, could have come from either car, or both. If it came from defendant's car it is at least arguable that it was carried from point of impact to final resting place by force and vacuum. If it came from plaintiff's car it similarly could have been carried some distance in the direction of such force and vacuum.

Defendant by his own testimony made a final split-second effort to swerve left. He was traveling at the time, according to fully supported finding of the trial judge, at speed approximating 35 miles per hour. If his brakes were applied before collision, with braking force, the record fails to so disclose. Defendant's car, when it finally stopped, was according to his testimony mostly "on the west side of the center line" with the front "a little more toward the west curb than what the rear was." In these circumstances we may of right refer to the following determination as made in *Delfosse* v. *Bresnahan,* 305 Mich 621, 625:

"From the measurements taken defendant tried to prove that decedent was not crossing the street at the intersection when he was struck. We know of

no rule establishing the place of impact from the position of the body and the location of bloodstains when the circumstances show that the person was struck with tremendous force."

In *Richardson* v. *Detroit & M. R. Co.*, 176 Mich 413, at page 423—a case of wrongful death in 1911 of a schoolteacher whose skirts were inferentially drawn into the side-rods of a speeding locomotive— we had occasion to consider and apply this force-and-vacuum rule of physics.* That rules stands in the way of determination here that the deposit of crash-debris at or near center line of the street locates with preponderating effect the presently disputed point of impact.

The trial judge, concluding determination of questions brought here, said:

"It becomes, then, a very simple type of case. The court has held that there is not a showing on this record to which the court can accord credibility as far as the defendant is concerned, that the plaintiff moved into the highway ahead of him, and since the court finds that there is a continuous movement from the west curb where the trailer and automobile had been stationed, back to the driveway and into the driveway in which the plaintiff's automobile was moving at the moment of impact and moving backwards, the plaintiff having started said movement, which was a continuous movement, the court finds having started said movement in a careful manner and there being no showing that he could have done much other than he did, even if he had seen the other car coming—which he did not see after he started

---

* In a similar-to-*Richardson Case* the court of civil appeals of Texas said (*San Antonio & A. P. R. Co.* v. *Mertink* (Tex Civ App), 102 SW 153, 155):

"Physical science teaches that a rapidly moving body creates a partial vacuum in its path; which draws to such body objects near its path, and which objects are carried or thrown forward with a force proportionate to the rapidity of its movement, and of such fact this court will take judicial notice. 17 Am & Eng Ency Law, p 909."

his movement at any time—the court finds the plaintiff was free from negligence and the defendant was guilty of negligence which was the proximate cause of the accident and the resulting damages to the plaintiff."

His ruling so summarized is supported, so far as cold print discloses, by a clear preponderance of evidence. We accordingly affirm, with costs to plaintiff.

DETHMERS, C. J., and SHARPE, EDWARDS, KELLY, and CARR, JJ., concurred.

SMITH and BOYLES, JJ., did not sit.