VAN GILDER v. C. & E. TRUCKING CORPORATION.

AUTOMOBILES —HEAD-ON COLLISION — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE—EVIDENCE—UNDISPUTED PHYSICAL FACTS.
Directed verdict and judgment for defendant in action arising from a head-on collision which took place at 2:40 a.m. on a north and south, 40-foot, 4-lane, concrete, ice-covered highway is affirmed by DETHMERS, C.J., and CARR and KELLY, JJ., on ground that undisputed physical facts show northbound defendant trucker was not negligent and that plaintiff southbound motorist was not free from contributory negligence; and by EDWARDS and KAVANAGH, JJ., on ground that trial judge's finding, after jury had been unable to agree, that collision took place on east side of outer northbound lane of traffic and on the east shoulder, and then granting defendant's reserved motion for a directed verdict was not an abuse of his power (CL 1948, § 691.701).

SMITH, BLACK, and VOELKER, JJ., dissenting.

Appeal from Berrien; Hadsell (Philip A.), J. Submitted January 15, 1958. (Docket No. 54, Calendar No. 47,228.) Decided June 12, 1958.

Case by Stanley Van Gilder against C. & E. Trucking Corporation, a foreign corporation, and Emmett Hansen for personal injuries and property damage resulting from automobile collision. Directed verdict and judgment for defendants following disagreement of jury. Plaintiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
3 Am Jur, Appeal and Error § 1163 et seq.

*Gore & Williams (Carroll V. Williams,* of counsel), for plaintiff.

*Seymour & Seymour (Dale A. Seymour,* of counsel), for defendants.

DETHMERS, C. J.   Plaintiff's automobile and the tractor of defendant corporation, driven by defendant Hansen, hereinafter called defendant, were involved in a collision described in plaintiff's declaration as "head-on."   Plaintiff sued for resulting damages, the case was tried to a jury which was discharged after being unable to agree on a verdict, and the court then granted defendants' motion for a directed verdict of no cause for action pursuant to CL 1948, § 691.701 (Stat Ann § 27.1471).   Plaintiff appeals.

The accident occurred at 2:40 a.m. on a north and south, 40-foot, 4-lane, concrete highway, which was icy at the time.   Plaintiff's theory of the case, as alleged in his declaration and sought to be proved by his unsupported testimony, is as follows: as he drove his automobile south at about 30 miles per hour on the innermost of the 2 southbound lanes, he saw defendants' tractor approach from the south on the east side of the center line, but when it was about 50 feet distant it took an angle right at him, crossing over the center line of the highway; plaintiff then turned his wheel quickly to the left to avoid an accident but his automobile had not yet crossed east of the center line when a big crash occurred.

Defendants' theory, according to the allegations in their answer and the testimony of defendant Hansen, is that while he was driving the tractor north at about 25 miles per hour in the most easterly of the 2 northbound lanes plaintiff's automobile skidded sideways, in a southeasterly direction, from the inner southbound lane, across the center line and the inner

northbound lane, and hit defendants' tractor broadside in the east lane, the right rear fender and door of plaintiff's automobile striking the left front fender and bumper of defendants' tractor.

Here, as in *Carlson* v. *Brunette,* 339 Mich 188, 190, "The controversy revolves around the question whether the accident occurred on plaintiff's or on defendants' part of the highway. The answer to that question decides whether the defendant driver was guilty of negligence, and whether the plaintiff was guilty of contributory negligence as a matter of law." The parties' conflicting claims and theories of the case being as above noted, it is obvious that rejection of plaintiff's theory must result in judgment for defendants. As we said in *Hormel Estate* v. *Harris,* 348 Mich 201, 206, "Plaintiff must stand or fall on its [his] pleadings, proofs and theory of the case presented thereby."

Plaintiff refers to the "scintilla of evidence doctrine," citing *Davis* v. *New York Central R. Co.,* 348 Mich 262, which speaks in no such terms, but, rather, reiterates our long standing rule that on appeal from directed verdict for defendant we view the evidence in the light most favorable to plaintiff and draw the reasonable inferences therefrom which are in his favor. This rule we have applied, even though the case be one of direction of verdict after jury disagreement. *Levesque* v. *LaFortune,* 348 Mich 443, and cases therein cited. With that rule in mind, plaintiff's theory of the case boils down to this—that, viewing the evidence in the light most favorable to him, the collision occurred on his side of the center line of the highway while he was driving where he had a right to be without any negligence on his part whatsoever, the accident being caused by defendant's negligence in driving onto the wrong side of the highway and, hence, the court erred in directing a verdict for defendants.

Defendants respond that the undisputed physical facts refute plaintiff's theory of the case, establish that of defendants, and, therefore, require a holding in defendants' favor as a matter of law. Those undisputed physical facts are the following: immediately after the accident plaintiff's automobile came to rest on the east shoulder of the highway, facing southwest, and defendants' tractor was up against and west of plaintiff's car, facing southeast, with its front and left side off the pavement and its right rear on the east lane of the pavement; there were skid marks on the pavement extending from the inner southbound lane southeasterly to the point in the east lane where the impact occurred as determined by location of debris; such debris, consisting of bumpers, bumper braces, glass from headlights, dirt from underneath fenders, a car seat, a jack, pieces of metal and "stuff that had fallen off the car," lay only on the most easterly lane and the east shoulder of the highway at the point where the automobile and tractor had come to a stop and there was none west of the center line; plaintiff lay on the ground east of and near the left front fender of his automobile.

The rule that, in considering whether defendant is entitled to a judgment of no cause for action as a matter of law, we take the view of the evidence most favorable to plaintiff, stems from the necessity of having a determination by someone of what the facts are to which the relevant law is to be applied and from recognition of the right of plaintiff, in case of conflicting testimony or evidence from which more than 1 conclusion might be drawn, to have that determination of facts made by a jury, whose province is not, on appeal, to be invaded or usurped by us; and, consequently, if there is any credible testimony which the jury might properly believe and which would permit it to find for plaintiff, he is entitled

·to have it accepted by us as the truth to which the law is to be applied. When, however, the case is not one in which the sole source of information for the jury is disputed and conflicting testimony, but added thereto are undisputed physical facts permitting of but one conclusion, utterly inconsistent with and flatly contradictory to plaintiff's theory of the case, these may not be disregarded and credence be given only to the inconsistent, disputed testimony which is most favorable to plaintiff in determining the rights of the parties as a matter of law. Plaintiff has no constitutional right to have a determination of facts by a jury inconsistent with the undisputed physical facts of the case. On the contrary, such facts overcome testimony inconsistent therewith and are controlling of decision, leaving a jury determination with respect to facts established by the undisputed physical facts unnecessary. *Champaign* v. *Detroit United Railway*, 181 Mich 672; *Molby* v. *Detroit United Railway*, 221 Mich 419; *Downey* v. *Pere Marquette R. Co.*, 230 Mich 243; *Molda* v. *Clark*, 236 Mich 277; *Rushford-Surine* v. *Grand Trunk R. Co.*, 239 Mich 19; *Brady* v. *Pere Marquette R. Co.*, 248 Mich 406; *Richman* v. *Detroit, G. H. & M. R. Co.*, 254 Mich 607; *DePotty* v. *City of Detroit*, 258 Mich 657; *Heintzelman* v. *Pennsylvania R. Co.*, 260 Mich 688; *Rybarczyk* v. *New York Central R. Co.*, 276 Mich 131; *Carlson* v. *Brunette*, 339 Mich 188. In *Brady* we said (p 407):

"The court still heeds physical facts, even though disputed by testimony."

In *DePotty* we said of the testimony of a plaintiff that it (p 658) "does not raise an issue of fact if such testimony is contrary to the physical facts." Concerning this rule that the undisputed physical facts control, announced in *Champaign* and followed

in the other cases above cited, we may say here as we did in *Molby* (p 421):

"The rule announced in the *Champaign Case* is applicable to the facts in the instant case. It has been adopted by this Court and is the only safe rule unless we desire to put a premium on perjury."

In the case at bar the only reasonable conclusions that can be drawn from the undisputed physical facts are inconsistent with plaintiff's theory of the case. Cited by plaintiff, but not in point, is *Albrecht* v. *Pritchard,* 347 Mich 166, in which we said (p 171):

"Indeed, and in the present case, the trier of facts would have been justified in finding that located presence of such debris is just as consistent with plaintiff's theory as with that of defendant."

Here the location of the skid marks, debris and the 2 vehicles immediately following the accident is absolutely inconsistent with plaintiff's theory that the accident happened in the west half of the highway and establishes, instead, defendants' claim in that regard. It follows that the court was correct in directing a verdict for defendants because the state of the record would not have permitted a jury finding of defendant's negligence or plaintiff's freedom from contributory negligence.

Plaintiff also complains of error in the trial court's rejection of an offer of proof, contained in a special record, that his brother-in-law visited the scene of the accident some 5 or 6 hours after its occurrence and found fragmentary pieces of glass and chrome on the center line of the highway or west of it. In view of the undisputed testimony that there was none there immediately following the accident and that a short while later, at the direction of police officers,

debris was removed and the pavement was swept at the scene of the accident by a person who found no glass or debris on the west half of the pavement, the fact that the highway involved is a much travelled trunk line, and the utter lack of testimony that no change in location of debris had occurred from time of the accident until arrival of plaintiff's brother-in-law more than 5 hours later, it must be held that the court was right in ruling the testimony inadmissible as too remote. *Billingsley* v. *Gulick*, 252 Mich 235; *Hakkers* v. *Hansen*, 337 Mich 620.

Claim of error in instructions to the jury need not be considered in view of the above disposition.

Affirmed, with costs to defendants.

CARR and KELLY, JJ., concurred with DETHMERS, C. J.

BLACK, J. *(dissenting)*. This case—one of review of validity of a motion for directed verdict against the plaintiff in a negligence case—is typical of conflicting judicial viewpoints our reports disclose. Certain of us adhere to position that the trial judge cannot on such motion determine whether "the evidence clearly preponderates in favor of the defendants;"[*] whereas—as in the case defendants rely upon (*Carlson* v. *Brunette*)—other members of our Court cling to view that "undisputed" after-the-fact physical facts are decisive as a matter of law in cases like this.

We have a direct example here. The trial judge, having considered (after the jury had disagreed)[†] defendants' motion for judgment, concluded in the language of *Carlson:*

[*] See present quotation from opinion of the trial judge and corresponding language in *Carlson* v. *Brunette*, 339 Mich 188, 192.

[†] The defendants' motion for judgment in this case was presented and granted in pursuance of procedure authorized by statute (CL 1948, § 691.701 [Stat Ann § 27.1471]).

"All of the debris caused by the collision was located on the east side of the outer northbound lane of traffic and on the shoulder to the east of the highway. The collision could not possibly have occurred at any other place. Thus the evidence clearly preponderates in favor of the defendants as shown by this undisputed physical fact, and the plaintiff was guilty of contributory negligence as a matter of law."

*First:  Plaintiff's final turn to the left.*

Whatever view one may take of our clear-preponderance approach—in *Carlson*—to the defendants' motion for directed verdict and subsequently successful motion for judgment notwithstanding verdict, the undersigned do not regard *Carlson* as presently authoritative since this plaintiff's theory and testimony differ from *Carlson* in one issuable and pivotal respect. In *Carlson* the plaintiff stood like Custer on position that she stayed at all times on her side of the highway and that the collision occurred on that side. Here the plaintiff has duly invoked the doctrine of sudden emergency (not hitherto unknown in such like cases as *Loucks* v. *Fox*, 261 Mich 338; *Smith* v. *Maticka*, 305 Mich 32; *Schneider* v. *Pomerville*, 348 Mich 49). He says that the defendant driver's conduct in driving toward and onto the left side of the highway at a time when he, the plaintiff, was rightfully driving on his own side of such highway, caused him to make an emergency turn to the left in effort to avoid a collision and that the actionable cause of the ensuing collision—regardless of exact lateral position of the 2 vehicles at time of impact—was the defendant driver's initial act of negligence as claimed and testified.

In order that the reader may readily perceive the fact-distinction—between *Carlson* and the case at bar—we quote, as follows, the trial judge's summary of the testimony as given by the respective drivers.

(plaintiff proceeding south and defendant Hansen—driving a Dodge truck-tractor—proceeding north):

"Plaintiff testified unequivocally that he was driving south on the highway in the inner southbound lane; that the pavement was slippery due to ice; that as he approached the point of collision defendant's truck headed toward him and came across the center line of the highway thereby creating an emergency which caused him to swerve his vehicle to his left, but not in time to avoid the collision which occurred either in the southbound side of the southbound side of the highway or possibly a little bit east of the center line; that the collision rendered him unconscious; that he was unable to remember how the accident occurred for a period of months following the collision but that he gradually regained his memory.

"Defendant Hansen testified that he was driving the truck north near the east edge of the pavement; that the highway was icy and very slippery; that he first saw plaintiff's automobile approaching from the north at a time when it was in the outer southbound lane of the highway and at a point 400 or 500 feet north of his truck; that the plaintiff's vehicle started at that point diagonally across the pavement into the easterly northbound lane of traffic and directly in front of his truck which he was unable to stop because of the icy condition; that after the collision his truck was turned nearly completely around and headed south; that the plaintiff's car was located southeast of the front of the truck; that the plaintiff's car was completely demolished; that all the debris caused by the collision, consisting of dirt, oil, gasoline, car cushion, and pieces of chrome off plaintiff's vehicle, were located on the easterly edge of the pavement and the shoulder thereof."

In *Loucks, Smith* and *Schneider,* cited above, the motorist—plaintiff or defendant—making such final emergency turn to the left was absolved from conviction—as a matter of law—of causal negligence.

The question of his negligence, if any, and causal connection thereof with the grievance complained of, was held in each instance one for the trier or triers of fact.* We believe on authority of *Loucks'* rule that it should be so held in the case before us. In *Loucks* we said (p 343 of report):

"In case of an emergency, a driver is not responsible for the selection of the safer method of avoiding a collision. If a reasonably prudent man would turn onto the wrong side of the road under similar circumstances, defendant is free from liability despite the untoward results. The course he adopted was a natural one in the emergency presented. *O'Malley* v. *Eagan,* 43 Wyo 233 (2 P2d 1063, 77 ALR 582); *Skene* v. *Graham,* 114 Me 229 (95 A 950); *Stack* v. *General Baking Co.,* 283 Mo 396 (223 SW 89)."

*Second: Final location of vehicles and debris.*

The ultimate resting place of debris, following violent collision of motor vehicles proceeding in opposite directions, cannot always be decisive of the exact or even approximate point of impact (*Delfosse* v. *Bresnahan,* 305 Mich 621; *Albrecht* v. *Pritchard,* 347 Mich 166). This is especially so where, as in the case before us, the pavement is a sheet of ice and the 2 vehicles are shown as having been violently whirled around—after collision—and having been projected some distance from the quite unknown (with accuracy at least) latitude and longitude of

---

* In *Smith* the question arose by requested jury instruction addressed to sudden emergency. The Court said (p 39 of report):

"As we have stated, according to plaintiff's testimony, when the Maticka car came over to the south side of the road, he turned his car toward the south of the pavement to avoid a collision. As he did so, the Maticka car also turned south, whereupon plaintiff tried to turn to the north side of the pavement but was unable to do so before the crash occurred. It was reversible error for the trial court to refuse to give the requested instruction because, if the jury believed plaintiff's testimony, he was confronted with an emergency, a circumstance to be taken into account in determining the issue of contributory negligence. The charge requested stated the applicable law and should have been given."

impact point. One would hardly expect, for instance, that units such as bumpers, bumper braces, glass from headlights, tools, seats and pieces of metal, torn as they must have been from these colliding vehicles and thrown from enclosed portions thereof, would be found later at the exact point of collision. The opposite inference would be of somewhat greater legitimacy—that such units and articles would be apt to slide or skid on the ice before coming to rest. As to skid marks, they are not controlling as a matter of law. At least we so held in *Schneider* v. *Pomerville,* 348 Mich 49, where judgment for defendant was ultimately upheld on supplemental finding of fact by the trier of facts. Here the evidentiary worth of skid marks—made on ice—is at best for the triers of fact.

In *Albrecht* v. *Pritchard,* 347 Mich 166, the participating members of this Court unanimously applied the following rule (taken from *Prove* v. *Interstate Stages,* 250 Mich 478, 489):

"Without data on the phenomena of automobile collisions, without textbooks of experience or scientific experiment, without an accepted standard, without even accurate information of the weights and speeds of the instant vehicles and the angle of the blow, this Court has no basis which would justify it in taking judicial notice that plaintiff's car could not have been thrown into its position by the impact if it were standing still when struck, when it is hardly less mysterious how it got into that position at all."

The quoted rule, bearing in mind the extremely slippery condition of the highway as shown (one of the witnesses characterized it as "freezing rain"), is just as applicable to the debris found afterward. As was said in *Harding* v. *Blankenship,* 274 Mich 118, 122:

"The positions of the cars and other such physical facts after the accident are not absolutely determinative of just what happened immediately prior to a collision.  *Prove* v. *Interstate Stages,* 250 Mich 478."

*Third:  The "undisputed physical facts."*

The Chief Justice repeatedly refers to the final resting places of debris, and of the respective vehicles, as "undisputed physical facts."  We suggest in so doing that he ignores plaintiff's theory and testimony (that if plaintiff was indeed on the wrong side of the highway at impact the emergency created by defendants' negligence was causally responsible for his being there).  In order that proven physical facts may overcome—as a matter of law—testimony offered in support of a known and recognized theory of recovery, it is not only requisite that such physical facts be undisputed; they must be adversely decisive of an ultimate fact of the case on which recovery is sought.  For reasons given above, these physical facts are not so decisive.  In short, and if this collision was caused as plaintiff testified, the jury might lawfully have rendered a verdict for damages in his favor even though (say, in answer to a special question or questions) it found the point of impact to have been on the east half of the pavement and the final position of the 2 motor vehicles and the mentioned debris exactly as related by defendants' witnesses.

This Court was not constituted to become a supernal jury in law cases.  Whatever our members may conclude—from a transcript on review of a law case—as to the credibility of a party or witness, is quite irrelevant on motion for directed verdict.  True, and in the case of review of a motion for new trial (in a jury case) addressed to clear and overwhelming weight of the proof, and in the case of review of an assignment of error counting on the

rule of clear preponderance (in a nonjury case), we do examine the testimony and on occasion do decide that a verdict or judgment offends either the weight or preponderance. Here we cannot do so. This plaintiff is entitled to have his theory of the case, and the testimony offered in support of that theory, considered and brought to verdict of a jury. He has not yet been accorded such right since the jury as sworn disagreed. Thus, the 12 "reasonable men" hitherto appointed by the Constitution to weigh these proofs having recorded their disagreement with respect to the question or questions of negligence, and our own membership of 8 "reasonable men" being now in similar disagreement, it would appear under our known and time-tried test that this Court cannot—either with propriety or courtesy—say that "all reasonable men"* would agree that the defendant driver was not guilty of causal negligence or that plaintiff and the defendant driver were both guilty of such negligence.

Convinced that this motion for directed verdict was rightfully denied at trial and that the subsequent judgment for defendants should not have been ordered, we vote to reverse and remand for new trial with costs to plaintiff.

SMITH and VOELKER, JJ., concurred with BLACK, J.

EDWARDS, J. (concurring in affirmance). In many recent cases this Court has reiterated its opposition to interference with the right of jury trial through directed verdicts or judgments notwithstanding the verdict. *Ohman* v. *Vandawater*, 347 Mich 112; *Kaminski* v. *Grand Trunk Western R. Co.*, 347 Mich 417; *Bishop* v. *New York Central R. Co.*, 348 Mich 345;

---

* For origin and authoritative force of this expression, see *Bronson* v. *Oakes* (CCA), 76 F 734, and quotation therefrom in *Normand* v. *Thomas Theatre Corp.*, 349 Mich 50, 56–58.

*Ware* v. *Nelson,* 351 Mich 390. Frequently these cases have quoted or cited Mr. Justice COOLEY's opinion in *Van Steinburg* where, discussing judicial abuse of the power to take a case from the jury, he said:

"The case, however, must be a very clear one which would justify the court in taking upon itself this responsibility." *Detroit & Milwaukee R. Co.* v. *Van Steinburg,* 17 Mich 99, 120.

The trial judge in the instant case apparently felt this case was "a very clear one" for, after jury disagreement, he entered judgment of no cause for action notwithstanding.

The sole evidence pertaining to the allegation of negligence on the part of defendant is that of the plaintiff contained in his direct- and cross-examination. Giving every favorable inference to his testimony, I cannot read that testimony other than as establishing the point of impact of this collision as on his (plaintiff's) west side of this 4-lane highway in accordance with his own declaration.

The trial judge in entering judgment said, however:

"All of the debris caused by the collision was located on the east side of the outer northbound lane of traffic and on the shoulder to the east of the highway. The collision could not possibly have occurred at any other place."

The rule upon which he relied is stated and perhaps best qualified by Harper and James:

"The court determines the sufficiency of the evidence to show the existence of a fact. When there is direct evidence of the existence of a fact in issue, a jury will in most cases be authorized to find the existence of that fact. * * * But even here the court has retained some control. In all cases it may find a direct testimonial assertion of a fact insuf-

ficient evidence of that fact's existence where under all the circumstances the testimony is not reasonably credible. A witness's story may be so inherently fantastic as to be incredible. *Or it may fly in the face of incontrovertible physical facts.*[1] * * * Of course it is the court which decides whether evidence is reasonably credible and the concept under discussion here could theoretically be extended so that the court's judgment was in effect substituted for the jury's. In fact, however, the courts have exercised restraint in using this notion, and if there is any trend it is probably towards even greater restraint." 2 Harper and James, The Law of Torts, pp 876, 877.

Although this rule pertaining to physical facts has, to my mind, been abused in past legal history in this State (particularly in relation to observation problems concerning contributory negligence, see *DePotty* v. *City of Detroit*, 258 Mich 657), I do not think it should be completely abandoned. See *Cofran* v. *Swanman*, 225 Minn 40 (29 NW2d 448); *Louisville & Nashville R. Co.* v. *Chambers,* 165 Ky 703 (178 SW 1041, Ann Cas 1917B, 471); *Scott* v. *Hansen,* 228 Iowa 37, 289 NW 710); 20 Am Jur, Evidence, § 1183.

A review of all the undisputed testimony concerning physical facts in this record convinces me that the trial judge did not abuse it in this case.

I concur in affirmance.

KAVANAGH, J., concurred with EDWARDS, J.

---

[1] Emphasis supplied.