# STATE OF MICHIGAN

# COURT OF APPEALS

GAIL GIRERD as personal representative of the
ESTATE OF CHRISTOPHE GIRERD,

Plaintiff-Appellee,

v

SANA ENERGY & MANAGEMENT, INC. and
MY05, LLC,

Defendant-Appellants.

UNPUBLISHED
June 19, 2018

No. 336818
Wayne Circuit Court
LC No. 15-013440-NO

Before: CAMERON, P.J., and FORT HOOD and GLEICHER, JJ.

CAMERON, P.J. (*dissenting*).

Plaintiff, while wearing sandals, cut his pinky toe on a 10-centimeter-long piece of metal at defendant's gas station. A few months later, he suffered from an infection in his toe that required its amputation. Plaintiff filed the instant lawsuit, was deposed several years later, but unfortunately passed away before this case was resolved. The majority affirms the trial court's conclusion that there are sufficient issues of fact to deny defendants' motion for summary judgment. Due to the open and obvious nature of the defect and the lack of notice, I respectfully dissent.

## I. OPEN AND OBVIOUS

The defect at issue here was open and obvious, and therefore, summary disposition should have been granted in favor of defendants.

"Whether a danger is open and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Hoffner v Lanctoe*, 492 Mich 450, 461; 821 NW2d 88 (2012). When considering whether a defect is open and obvious, courts must consider the "objective nature of the condition of the premises at issue[.]" *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 524; 629 NW2d 384 (2001). "[T]here is no obligation to warn someone of dangers that are so obvious and apparent that a person may reasonably be expected to discover them and protect himself or herself." *Laier v Kitchen*, 266 Mich App 482, 487; 702 NW2d 199 (2005).

In my opinion, the open and obvious analysis hinges on whether the piece of metal that cut plaintiff was actually attached to the base of the pump or if it was lying on the ground away from the pump. Our Supreme Court has stated:

> The rule that, in considering whether defendant is entitled to a judgment of no cause for action as a matter of law, we take the view of the evidence most favorable to plaintiff, stems from the necessity of having a determination by someone of what the facts are to which the relevant law is to be applied and from recognition of the right of plaintiff, in case of conflicting testimony or evidence from which more than one conclusion might be drawn, to have that determination of facts made by a jury, whose province is not, on appeal, to be invaded or usurped by us; and, consequently, if there is any credible testimony which the jury might properly believe and which would permit it to find for plaintiff, he is entitled to have it accepted by us as the truth to which the law is to be applied. When, however, the case is not one in which the sole source of information for the jury is disputed and conflicting testimony, but added thereto are undisputed physical facts permitting of but one conclusion, utterly inconsistent with and flatly contradictory to plaintiff's theory of the case, these may not be disregarded and credence be given only to the inconsistent, disputed testimony which is most favorable to plaintiff in determining the rights of the parties as a matter of law. [*Van Gilder v C & E Trucking Corp*, 352 Mich 672, 675-676; 90 NW2d 828 (1958).]

Because no reasonable jury could conclude that the metal object was actually attached to the base, the open and obvious analysis should be conducted with the view that the piece of metal was lying on the ground next to the pump. The majority, however, undertakes the analysis with the position that the piece of metal was attached to the base. Throughout its opinion, the majority asserts that the metal was "protruding" from the pump's base, and plaintiff injured his toe on that protruding metal. In fact, the majority compares the piece of metal here to the "protruding wire" attached to a candy bin in *Price v Kroger Co of Michigan*, 284 Mich App 496, 498; 773 NW2d 739 (2009). The overwhelming evidence, however, suggests that the metal object lay flat on the ground as much as six inches away from the pump when plaintiff was injured. Plaintiff testified at his deposition that the steel object "lay on the ground," was "disconnected from the concrete," "was lay[ing] flat," and was "left flat on the ground." In fact, plaintiff circled the area on a photograph of "Pump #3" where the metal was located on the ground, approximately six inches from the pump. Finally, the pictures of the pump in question fail to show any physical evidence that the pump was missing or had metal skirting that was bent. Indeed, during oral argument on appeal, plaintiff conceded that the only photograph that arguably shows missing or torn metal skirting relates to an area of the gas station not at issue in this case. Taken together, this evidence forecloses any question about the location of the metal object and that it was not connected to the pump when plaintiff was injured.

The only conflicting evidence on this point appears at the end of plaintiff's own deposition, where he seemingly contradicts his unequivocal testimony provided earlier. Plaintiff's attorney asked two leading and suggestive questions:

[*Plaintiff's Attorney*]: Did it appear to you that the piece of metal that you struck your foot on was still attached to the skirt surrounding the island?

[*Defendant's Attorney*]: Objection to form.

*Plaintiff's Attorney*: Yes or no?

[*Plaintiff*]: Yes.

\*   \*   \*

*Plaintiff's Attorney*: -- can you tell me what that piece of metal that was still attached, in your opinion, to the island, where that piece of metal was?

*Plaintiff*: Right up in here.

Even if the factfinder was able to review these statements at the end of plaintiff's deposition,[1] no reasonable jury could conclude that the metal was attached to the pump. Any such conclusion would contradict the physical evidence, including (1) the picture where plaintiff circled the location of the metal, and (2) the numerous pictures that show metal skirting near Pump #3 intact and without any evidence that it was torn or missing. Moreover, plaintiff stated at least seven times throughout his deposition that the metal was located on the ground and disconnected from the pump, and his answers to two leading questions does not provide "credible testimony which the jury might properly believe and . . . permit it to find for plaintiff." *Van Gilder*, 352 Mich at 675.

When considering that the metal was lying flat on the ground, there is no question that the dangerous condition was open and obvious. The majority relies primarily on *Price*, a case where we concluded that a 1-inch wire barb protruding from a candy bin raised a genuine issue of material fact as to its open and obvious nature. *Price*, 284 Mich App at 501. This Court held:

> Given the extremely small size of the offending barb and its location immediately adjacent to the wire bin at ankle level, we reject the circuit court's conclusion that, as a matter of law, plaintiff should have discovered it "upon casual inspection" of the bin. A jury could reasonably infer that a casual inspection of the premises in which plaintiff shopped would not have revealed the barb, in light of its small size, its location at close to floor level, the impediment to visibility posed by the

---

[1] Because plaintiff has since passed away, the trial court will be required to determine the extent to which plaintiff's deposition testimony will be admissible at trial. One potential evidentiary issue will be the admissibility of plaintiff's answers to his attorney's questions. Defense counsel objected to some of his testimony due to the leading and suggestive nature of the questioning. If the trial court rules plaintiff's answers to these questions inadmissible at trial, the remaining evidence irrefutably supports the position that the piece of metal was unattached, lying flat on the ground.

bulk of the candy-filled bin, and [the employee's] failure to detect the anomaly, notwithstanding her greater ability and opportunity to examine the bin before placing it in an area of the store accessible to shoppers like [the] plaintiff. [*Id*. at 501-502.]

I agree that *Price* would be analogous to this case if the piece of metal was actually attached to the base of the pump. However, a 10-centimeter-long strip of metal lying on the ground in a gas station parking lot in the middle of the day is much different than a 1-inch wire barb protruding from a bin with an obstruction impeding its view. There was no evidence that an obstruction impeded plaintiff's view of the metal. In fact, the metal was four times longer than the wire barb at issue in *Price* and rested on the gas station parking lot in broad daylight. In its analysis, the majority misstates the size of the metal, claiming it was "two to three centimeters long." This misstatement allows the majority to draw a closer comparison with *Price*, concluding the 1-inch barb in that case is similar to the 3-centimeter-long piece of metal in this case, proving both were "small imperfection[s]" that would not be observed upon casual inspection. However, according to plaintiff, the piece of metal was 3 to 4 centimeters wide and 10 centimeters long. Thus, the piece of metal was not merely a "small imperfection" that protruded from the concrete base, but a 4 centimeter by 10 centimeter strip of metal that was lying flat on the ground in broad daylight. Clearly, the condition at issue here would have been obvious upon casual inspection.

## II. CONSTRUCTIVE NOTICE

Even if we accepted plaintiff's mischaracterization of the metal as attached, the majority's application of constructive notice on these facts is flawed.

"Generally, a premises possessor owes a duty of care to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Mann v Shusteric Enterprises, Inc*, 470 Mich 320, 328; 683 NW2d 573 (2004). This duty only arises if the premises possessor "has actual or constructive notice of the condition." *Banks v Exxon Mobil Corp*, 477 Mich 983, 984; 725 NW2d 455 (2007). As the majority correctly states, "whether a defect has existed a sufficient length of time and under circumstances that the defendant is deemed to have notice is a question of fact, and not a question of law." *Id*. Further, "[c]onstructive notice may arise not only from the passage of time itself, but also from the type of condition involved, or from a combination of the two elements." *Id*.

In this case, the majority opinion uses the poor condition of the area around the pump as its basis to conclude that defendants had constructive notice of the defect. Using plaintiff's pictures, the majority describes the general area around Pump #3 as "significantly rusted and corroded," reflecting "a condition that would likely take months or years to develop, allowing defendant ample time to notice and rectify the condition." In other words, the majority opinion posits that defendants should have been put on notice of the dangerous condition because the metal skirting around the pumps was rusted and poorly maintained.

But the dangerous condition at issue was not the general condition of the pumps; it was the piece of metal. The record is devoid of any evidence that the piece of metal existed in a dangerous condition for any length of time before plaintiff purchased gasoline. The evidence in the record suggests that the premises were inspected "several times a week," and the employee

never noticed metal skirting that was peeled from the concrete. No one testified that they saw the defective condition beforehand, and it would be a stretch to conclude that because the piece of metal was rusted, it must have been in a dangerous condition for a prolonged period of time. It is reasonable to find it takes "months or years" for metal to rust, but it does not logically follow that this same evidence suggests that the skirting was bent and protruding from the pump for any length of time, and the gas station should have known about it. This is not a case where it had been snowing and below freezing for a number of days, and therefore, the premises possessor should have had notice that an icy condition could have been created. The presence of rust shows that unprotected metal was exposed to the elements for some length of time, but it does not provide any reasonable insight as to how long a particular piece of metal was dislodged or torn from the pump area and presented a dangerous condition. Because there is no genuine issue of material fact as to constructive notice, summary disposition should have been granted.

## III. CONCLUSION

I would conclude that the piece of metal was open and obvious because a person with ordinary intelligence would have no trouble observing it upon casual inspection. Additionally, plaintiff failed to show that defendants had constructive notice of the piece of metal. Therefore, I would reverse and instruct the trial court to enter an order granting summary disposition in favor of defendants.


/s/ Thomas C. Cameron