## William S. Duncan v. Harvey Seeley.

*Evidence: Recollection refreshed by memorandum: Production of the writing.* Plaintiff, while on the stand as a witness, was questioned as to a date, and replied he could not state it positively without refreshing his memory by a memorandum he had; after professing to look, he stated that what he had looked at did refresh his memory; being called upon by defendant's counsel to produce the memorandum, plaintiff's counsel objected and the objection was sustained:—

*Held,* That this was error; that the witness was in effect testifying not from recollection, but from something he professed to have in writing; and that defendant had a right to know what the memorandum was on which witness relied, and whether it had any legitimate tendency to bring to mind the fact in controversy.

*Testifying from memorandum: Refusal to produce the writing: Subsequent offer to produce: Error not cured.* The error committed in declining to require the production of the memorandum thus referred to is held not to have been cured by an offer the next day to produce the memorandum; the party was entitled to see it at the time, in order to test the candor and integrity of the witness.

34 MICH.—47.

*Evidence: Cross-examination.* In an action to recover the price of barley claimed to have been sold and delivered by plaintiff to defendant, the question put to plaintiff on cross-examination, as to how long he had speculated in barley, is held to have been improperly overruled, there being nothing to indicate that it was put in an offensive sense, and it being a proper question to test his skill in judging of qualities.

*Heard June 16.    Decided June 21.*

Error to Superior Court of Detroit.

*Jared Patchin,* for plaintiff in error.

*Jackson & Wisner,* for defendant in error.

COOLEY, CH. J:

· Seeley brought suit against Duncan to recover the price of certain barley, which he claimed to have sold to Duncan at Pontiac, and forwarded to him at Detroit according to agreement.   The dispute between the parties related to the quantity bought, and whether all of that which was forwarded was included in the purchase.

On the trial, the plaintiff, being on the stand, was questioned by his counsel as to the time when he was at the place of the alleged sale .after the sale was made;   it being deemed important to show that he was there on a certain day.    Plaintiff in reply stated that he could not state positively without looking at something to refresh his memory. And after professing to look, he stated further that what he had looked at did refresh his memory.   He was then called upon by defendant's counsel to produce the memorandum at which he had looked, but the counsel for plaintiff objected, and the court sustained the objection.   We think this was erroneous.   The witness was in effect testifying not from recollection, but from something which he professed to have in writing;   and the other party had a right to know what the memorandum was on which.he relied, and whether it had any legitimate tendency to bring the fact in controversy to mind.   It would be a dangerous doctrine which would permit a witness to testify from secret memoranda in

the way which was permitted here. The error was not cured in this case by the plaintiff offering on the next day, on the conclusion of his testimony, to produce the memorandum. The defendant was entitled to see it at the time in order to test the candor and integrity of the witness; and the opportunity for such a test might be lost by a delay which an unscrupulous witness might improve by preparing or procuring something to exhibit.

We also think the court erred in overruling a question put to the plaintiff on cross-examination, as to how long he had speculated in barley. The objection made to it was, that it was not shown that he had speculated in barley at all. But it appeared that he was a dealer in that grain; and there being nothing to indicate that the question was, put in an offensive sense, but only to test his skill in judging of qualities, we think it should have been answered. For these errors a new trial must be ordered, with the costs of this court.

The other Justices concurred.