CARLSON *v.* BRUNETTE.

1. AUTOMOBILES — CONTRIBUTORY NEGLIGENCE — PREPONDERANCE OF EVIDENCE.

Undisputed evidence, presented in action by northbound motorist rounding a slight curve to the west after dark in latter part of December and whose car collided head-on with defendant's southbound car, *held,* to clearly preponderate in showing defendant was on his own side of the pavement when the accident occurred, hence, that plaintiff was guilty of negligence as a matter of law.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur, Automobiles §§ 422, 658.
[2, 3] 5 Am Jur, Automobiles § 625.
[2, 3] Admissibility of report of operator filed pursuant to law, respecting automobile accident. 69 ALR 905.

2. SAME — EVIDENCE — REPORTS — ADMISSIONS — PHYSICAL FACTS —STATUTES—REFRESHING RECOLLECTION.

The statutory bar to use in any court action of reports required in the motor vehicle code to be made with reference to cars involved in accidents applies to reports made by drivers of vehicles involved and garage keepers under certain circumstances and has no application to notes or to reports made by investigating police officers of physical facts they have observed and admissions made to them by drivers of motor vehicles at the scene of the accident for use either as evidence or refreshing a witness's recollection (PA 1949, No 300, § 624).

3. SAME—EVIDENCE—REPORTS—IMPEACHMENT.

Exclusion of part of report of policeman as to automobile accident, sought to be introduced on cross-examination, did not constitute reversible error, where had it been admitted it would not have impeached his testimony given on direct examination, but rather would have supported it.

Appeal from Delta; Jackson (Glenn W.), J. Submitted January 14, 1954. (Docket No. 65, Calendar No. 46,050.) Decided April 5, 1954. Rehearing denied June 7, 1954.

Case by Anna M. Carlson against Walter Brunette and George Rivest for damages resulting from automobile collision. Judgment for defendants notwithstanding verdict. Plaintiff appeals. Affirmed.

*Herbert, Wood & Hood,* for plaintiff.

*McGinn & Fitzharris,* for defendants.

BOYLES, J.  This is an appeal from a judgment entered for the defendants by the trial court in an automobile accident case, on motions made by the defendants for a directed verdict, on which decision had been reserved by the court,[*] and for judgment notwithstanding a jury verdict for the plaintiff. In a

---

[*] See CL 1948, § 691.691 *et seq.* (Stat-Ann and Stat Ann 1953 Cum Supp § 27.1461 *et seq.*).—REPORTER.

comprehensive opinion thoroughly reviewing the testimony, the trial court granted defendants' motions and entered judgment accordingly. Plaintiff appeals, and for reversal raises 2 questions.

1. The first is stated by plaintiff as follows:

"Viewing the testimony concerning the physical facts in the light most favorable to plaintiff, is plaintiff's version of the accident rendered impossible so that the verdict of the jury in her favor must be set aside?"

More properly stated, the question before the Court is whether, viewing the testimony in the light most favorable to the plaintiff, the testimony clearly preponderates in the opposite direction and in favor of the defendants.

The accident, a head-on collision, occurred on highway US-2 in Delta county at about 5:45 p.m., December 22, 1949. It was nearly dark and the headlights of both cars were on. Plaintiff, alone in her car, testified that her car was hit by the defendants' car, when her car was partly off the pavement, on her side of the road. The defendant Brunette, who was driving the defendants' car, and 2 others who were riding with him, testified that the plaintiff's car ran into the defendants' car while it was on its own side of the road. Several witnesses testified as to the position of the automobiles immediately after the collision, and as to the location of the debris on the pavement, and other conditions at that place, immediately after the accident.

The controversy revolves around the question whether the accident occurred on plaintiff's or on defendants' part of the highway. The answer to that question decides whether the defendant driver was guilty of negligence, and whether the plaintiff was guilty of contributory negligence as a matter of law.

The accident occurred as plaintiff was going north on highway US-2, and defendant Walter Brunette, in company with 2 other men, was driving a car belonging to defendant George Rivest south on said highway. There was no other traffic. At that point, US-2 is a 2-lane concrete highway. For cars proceeding northerly, there was a wide curve to the left, and then the highway runs straight for a short distance. At the time of the accident, there was no ice or snow on the highway but there was snow on the sides. There were no eyewitnesses to the accident other than the occupants of the 2 cars involved. Plaintiff testified that as she was rounding the curve northward (to her left) at about 40 miles per hour she saw the defendants' car coming toward her; that as the defendants' car approached, she noticed it began to come to her side of the highway, and she began to drive off her side of the road to get away from him; that at the time of the impact, the right side of her car was off the pavement. Defendant Brunette testified that when he saw plaintiff's car coming around the curve, "it was hugging the center line close, so I kept over as far as I could without getting off of the cement, and it came up on me, I would say 10 or 20 feet away. I could see the bright lights and it banged into me." He further testified that plaintiff's lights changed course, toward him; and that his entire car was on his own right-hand side of the road. Defendants' witness Clark, who was with defendant driver in the car, together with a third witness also in the car who had been picked up while asking for a ride, corroborated said defendant's testimony. One of them testified that Brunette "was on his own side of the road." The other testified that the defendant did not cross the center line at any time, and that plaintiff's car was over the center line, on the west side, that "it came right toward Wallie's (Brunette's) car."

There were conflicting conclusions drawn from the testimony of other witnesses for both parties as to the conditions at the scene after the accident. They agreed, however, that plaintiff's car came to rest several feet east of the pavement, pointing northeasterly, and that defendants' car came to rest mostly in the west lane.

The drivers of both cars were rendered unconscious. The court, in a comprehensive opinion, after discussing the testimony at length, came to the conclusion that the testimony as to the location of the automobiles, the debris and fluid, after the accident, was undisputed, and that it clearly preponderated in favor of the defendants.

A further resume of the testimony would unnecessarily encumber the opinion and be of no use to the profession. Our review of the physical facts, particularly the position of the debris, the fluid on the pavement, the condition and location of the cars after the accident, as well as their recollection of the accident by the witnesses, justified the conclusion of the trial court that the defendant driver was on his own (westerly) side of the pavement when the collision occurred. The undisputed evidence of physical facts after the collision clearly preponderates in that direction. The record shows that the plaintiff was guilty of contributory negligence as a matter of law. For a recent decision to like effect under comparable circumstances, see *Blair* v. *Consolidated Freight Co.*, 327 Mich 167.

2. Plaintiff also argues, as ground for reversal, that the trial court erred in ruling that a certain portion of a State police officer's accident report could not be read or introduced in evidence for the purpose of impeaching his testimony. The officer, on direct examination, testified for the defendants that there was debris in front of the defendants' car on their (west) half of the pavement, of the kind "that you see at any

accident where there is a collision." During cross-examination, plaintiff's counsel offered in evidence the following portion of an accident report made and signed by said officer:

"Vehicles No 1 and 2 were meeting on a slight curve and collided in the left fronts of both vehicles. Due to conflicting statements of the parties involved in the accident and the nature of the road in this place it could not be definitely established where the point of impact was. However the radiator fluid and other debris was dropped on the west lane from the center line."

Plaintiff offered it for the purpose of refreshing the recollection of the witness and for the purpose of impeachment. The offer was rejected by the trial judge on the ground that the report was inadmissible by statute, and also on the ground that it was not a statement of fact, but a statement of the officer's conclusion.

The question whether reports of accidents by police officers and drivers of motor vehicles are admissible in evidence or can be used in court to refresh the recollection of police officers and drivers in testifying under the statute* has heretofore been considered by the Court.† More recently, in *Wallace* v. *Skrzycki,* 338 Mich 165, in a divided decision, the Court held as follows (syllabus):

"The statutory bar to use in any court action of reports required in the motor vehicle code to be made with reference to cars involved in accidents applies to reports made by drivers of vehicles involved and garage keepers under certain circumstances and has no application to notes or to reports made by investigating police officers of physical facts they have observed and admissions made to them by drivers of

---

* CLS 1952, § 257.624 (Stat Ann 1952 Rev § 9.2324).
† See *Trafamczak* v. *Anys,* 320 Mich 653; *Germiquet* v. *Hubbard,* 327 Mich 225; *Jakubiec* v. *Hasty,* 337 Mich 205.

motor vehicles at the scene of the accident for use either as evidence or refreshing a witness's recollection (PA 1949, No 300, § 624)."

The above-quoted syllabus conforms to the majority holding in said controlling opinion wherein it says (p 177):

"An examination of our previous holdings discloses, then, that except for language in *Jakubiec,* which I deem inadvertent and decline to follow although in accord with its decision, we have adhered to the position that the statute in question does not bar a police officer from testifying concerning physical facts observed by him or admissions made to him by drivers of vehicles at the scene of an accident and that police reports of accidents are not barred by the statute for use as evidence or refreshing a witness's recollection."

In view of that decision, it seems necessary to hold that in the instant case the trial court was in error in excluding the police officer's report from evidence, or from use in cross-examination. However, it does not necessarily follow that plaintiff was prejudiced by the error. We do not agree with appellant that the report would impeach the testimony given by the officer on direct examination. He had testified that he found the fluid and debris on the defendants' part of the pavement, west of the center line. His report, if admitted, would tend to support, rather than to impeach, his testimony in that regard. The court also ruled that the report was inadmissible because it was a conclusion by the officer. On the contrary, the report shows that the officer refused to reach a conclusion, as to where the accident occurred, when he stated in the report that, "due to conflicting statements of the parties involved in the accident and the nature of the road in this place it could not be definitely established where the point of impact

was." Obviously, the officer's statement in the report that the fluid and debris were on the west lane is a statement of a fact, not a conclusion. In view of those facts the error was not prejudicial, and we do not reverse on the ground that the court erred in refusing to admit the report.

Affirmed.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, REID, DETHMERS, and KELLY, JJ., concurred.