BLISS *v.* KAPLAN.

1. TRIAL—AMENDMENT OF PRETRIAL ORDER.
   The right to grant permission to amend a pretrial order is conferred upon the trial court by statute (CL 1948, § 616.1).

2. SAME—PRETRIAL ORDER—AMENDMENT—DISCRETION OF COURT—CONTRIBUTORY NEGLIGENCE—INSTRUCTION.
   Amendment of pretrial order, at close of the proofs, so as to permit the inclusion of a new claim of contributory negligence on part of plaintiff whose westbound car collided with rear part of defendant's eastbound truck as latter had nearly completed passing over clearly marked 1-way bridge, 18' wide, at 8 p.m. early in December *held*, not an abuse of discretion and to have justified instruction given (CL 1948, § 616.1).

3. EVIDENCE—PAST RECOLLECTION RECORDED.
   A memorandum made by a witness at the time of an occurrence, if the witness had not present remembrance and his recollection is not refreshed by the memorandum, may, if the witness testifies it was true when made, be admitted in evidence.

4. SAME—ACCIDENT REPORTS BY INVESTIGATING POLICE OFFICERS—STATUTES.
   The statutory bar to use in any court action of reports required in the motor vehicle code to be made with reference to cars involved in accidents applies to reports made by drivers of vehicles involved and garage keepers under certain circumstances and has no application to notes or to reports made by investigating police officers of physical facts they have ob-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 53 Am Jur, Trial §§ 8–11.
[3–5] 20 Am Jur, Evidence § 946.
   Refreshment of recollection by use of memoranda or other writing. 125 ALR 19.
[6] 5A Am Jur, Automobiles and Highway Traffic §§ 1091, 1097.
[7] 5A Am Jur, Automobiles and Highway Traffic §§ 1098, 1100.
[8] 5A Am Jur, Automobiles and Highway Traffic § 1022.

served and admissions made to them by drivers of the vehicles at the scene of the accident for use either as evidence or refreshing the recollection of a witness (CLS 1956, § 257.624).

5. AUTOMOBILES—POLICE OFFICERS—PAST RECOLLECTION RECORDED.

Admission of testimony of State police officer that memorandum he had made at time of accident out of which case had arisen *held,* not error, where although the memorandum he had made did not refresh his recollection, the memorandum indicated the position in which he found the plaintiff's car after the accident and that he made the memorandum from notes taken at investigation of the accident in which inquiry he had participated (PA 1949, No 300, § 624).

6. SAME — INSTRUCTIONS — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — INFERENCE — EVIDENCE.

Instruction given in action arising from collision between plaintiff's westbound car and defendant's eastbound truck as latter was leaving 26′ long bridge that was 18′ wide, at 8 p.m. early in December and approaches to which bridge were clearly marked with reflectorized signs that showed it was a 1-lane bridge, which instruction permitted jury to draw reasonable and legitimate inferences of negligence and of contributory negligence from the established physical facts *held,* justified by record containing testimony as to physical facts.

7. SAME—INSTRUCTIONS—SPEED—PROXIMATE CAUSE.

Plaintiff's claim that the trial court's instruction presenting issue as to whether or not plaintiff was driving at such a speed as would not permit him to stop within the assured clear distance ahead *held,* not error, especially where the instruction was accompanied by direction that to be applicable it must appear that the excessive speed, if found, was to be ignored if the jury found it did not cause the plaintiff to cross the center line and strike the defendant's truck or if the jury found that it was not a proximate cause of the accident (CLS 1956, § 257.627, as amended by PA 1957, No 190).

8. SAME—PRESENTATION OF CASE—ACCIDENT NEAR BRIDGE—RECORD.

Plaintiff's claim that the trial court committed prejudicial and reversible error in unduly restricting plaintiff's presentation of his case, arising out of collision between his westbound car with defendant's eastbound truck as latter was leaving east end of 26′ bridge 18′ wide, at 8 p.m. early in December, where the approaches were clearly marked with reflectorized signs that the bridge was for 1-lane traffic, *held,* not sustained by record.

Appeal from Saginaw; O'Neill (James E.), J. Submitted December 4, 1962. (Calendar No. 89, Docket No. 48,821.)   Decided February 7, 1963.

Case by Truman Bliss against Phillip Kaplan for personal injuries and property damage resulting from collision of motor vehicles. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*van Benschoten & van Benschoten* (*Duane S. van Benschoten,* of counsel) and *Seymour I. Rosenberg,* for plaintiff.

*Otto & Otto* (*Howard S. Otto,* of counsel), for defendant.

KELLY, J. Plaintiff's action to recover damages for injuries suffered in a motor vehicle collision resulted in a jury verdict of no cause of action. Plaintiff appeals, claiming the court erred in submitting the defense of contributory negligence; in failing to restrict the testimony of State police officers who investigated the accident; by instructing in regard to the assured-clear-distance rule, and by rulings that unduly restricted and prejudiced plaintiff's case.

December 4, 1957, at approximately 8 p. m., plaintiff was driving his automobile in a westerly direction on M–57 (a 2-lane, 28-foot-wide road) in Saginaw county. Defendant was driving his truck in the opposite direction, and the 2 vehicles collided on or near a bridge that was 26 feet long and 18 feet wide.

Two signs, on either approach to the bridge, indicated "ONE LANE TRAFFIC" and reflectorized paint made both the signs and the bridge as discernible at night as in the daytime.

Plaintiff admitted he did not see or know the bridge was there until he was "awfully close" but

contended that the collision occurred because defendant's truck was not properly lighted and the unlighted portion of the truck extended over the center line, thus invading plaintiff's half of the road or bridge.

Defendant answers plaintiff's claim by stating that his truck was properly lighted; that he entered upon the bridge before plaintiff and the collision occurred as he was leaving the bridge; that the collision could not have occurred as claimed by plaintiff because there was no evidence of contact with the side of his truck, the only damage being to the left rear dual wheels.

Plaintiff claims the court erred in allowing defendant to amend the pleadings after both sides had rested, thereby creating a new claim of contributory negligence.

Under the heading of "Affirmative Defense" in defendant's answer, defendant claimed the accident happened because the plaintiff (1) approached the bridge "at an excessive rate of speed"; (2) and "failed to observe signs  *  *  *  that the bridge was a '1-way bridge'"; (3) "and failed to observe" that defendant's truck was "being driven on said highway and bridge"; (4) "and failed to observe that said *  *  *  truck  *  *  *  entered said bridge and was about to leave said bridge when plaintiff discovered the same and apparently became excited and confused and lost control of his car"; (5) "drove off the north side of the highway"; (6) "and struck a highway post located on the north side of said highway"; (7) "which accident caused him to drive his automobile across the highway into the side of the truck."

Defendant in his answer to plaintiff's declaration stated, in part:

"Said bridge is what is commonly known as a '1-way bridge' and was posted as such, and that de-

fendant first entered said bridge and was about to leave the east end of said bridge when plaintiff, approaching from the opposite direction and driving at an excessive rate of speed and after failing to observe the posted signs on said highway, lost control of his automobile, struck a post located on the north side of said highway, and then crossed the road and ran into defendant's truck, and that it was plaintiff's negligence and contributory negligence that were the proximate cause of said accident."

At the close of proofs defendant moved to amend the pretrial order, stating: "We have set it out that the plaintiff failed to observe the stop signs, and then we keep using the word,—failed to observe the truck, failed to observe the truck on the bridge, and became confused. We use the word 'and,' Your Honor, where I would like to amend it at this time to make it the word 'or,' instead of the word 'and.' The way we set it out in the affirmative defense, the way it now reads possibly indicates that it was all 1 series, and I want those separate acts. And I also move that * * * where we said that he * * * struck a highway post, and the proofs now show that he struck the * * * bridge, I would like to amend from 'struck a highway post' to 'struck the northeast end of the bridge.' I would like it amended in that way."

Plaintiff's attorney referred to the amendment in his opening argument as follows:

"This afternoon that amendment was made, amending the pretrial statement so that contributory negligence could be alleged as a defense. Now, Mr. Otto (defendant's attorney) has a perfect right, he has the right to make that amendment, and the court has so ruled, but I submit, how sincere is that defense?"

The statute (CL 1948, § 616.1 [Stat Ann § 27.838]) gave the trial court the right to grant defendant's

motion to amend, and we find no abuse of discretion in this case.

The record does not sustain plaintiff's claim that the proofs were insufficient to justify submission to the jury of the question of plaintiff's contributory negligence and the pleadings and the evidence justify the instruction that was given.

Two State police officers made an investigation shortly after the accident. The 2 officers took notes at the scene and later that evening jointly reduced their notes to a typewritten statement and then rechecked that statement before destroying their notes. From the record it appears that this statement was carefully prepared within a few hours after the investigation and the record does not disclose any effort by court or counsel to discredit the ability or integrity of the officers.

Appellant's complaint is directed toward the fact that questions such as: "Can you tell us where you found the Buick automobile?" were answered, "From recollection, no. Referring to the report, it indicates that the Buick was on the bridge, facing south and west, southwest. The front of the car was facing southwest."

From the record we conclude there was confusion at the trial on the part of both court and counsel in regard to the propriety of using the accident report, as evidenced by counsel's objection and the court's statement that "The statute says we can't use the report."

PA 1949, No 300, § 624,* declares that the statutory report intended for the furnishing of statistical information is not available for use in any court, but we made clear that this would not apply to cases such as the present case in our decision in *Carlson* v. *Brunette,* 339 Mich 188, when we said (pp 193, 194):

---

* CLS 1956, § 257.624 (Stat Ann 1960 Rev § 9.2324).

" 'The statutory bar to use in any court action of reports required in the motor vehicle code to be made with reference to cars involved in accidents applies to reports made by drivers of vehicles involved and garage keepers under certain circumstances and has no application to notes or to reports made by investigating police officers of physical facts they have observed and admissions made to them by drivers of motor vehicles at the scene of the accident for use either as evidence or refreshing a witness's recollection.' "

Appellant calls attention to *Derrick* v. *Blazers,* 355 Mich 176 (69 ALR2d 1143), and quotes the following therefrom (p 180):

"Accident reports made by police officers are normally held to be inadmissible as evidence when the officer who made the report lacked personal knowledge of the information contained in the report. *Sterling* v. *City of Detroit,* 134 Mich 22; *Goosen* v. *Packard Motor Car Co.,* 174 Mich 654; *Jakubiec* v. *Hasty,* 337 Mich 205."

Appellant also cites *Wallace* v. *Skrzycki,* 338 Mich 164. The minority report in that case, written by Justice BOYLES, would sustain appellant's position, but the majority opinion, written by Justice DETHMERS, is to the contrary. In this case the majority opinion approved *Baumgarten* v. *Tasco,* 312 Mich 161, as follows (p 175):

"In *Baumgarten* it was not a report required by the statute, but, as here, the police report which was involved. There, police officer Reiman, who admitted on the witness stand that he had no present, independent knowledge or recollection on the subject, testified that he had prepared the report and 'that whatever he wrote down on the report was true or he would not have put it there.' This Court held admissible 'the testimony of witness Reiman when he testified from the use of the exhibit (police report)

as to what defendant Heller told him about the collision.' "

Appellant recognizes this Court's ruling in *Rice v. Fidelity & Casualty Co.*, 250 Mich 398, wherein we held that a memorandum made by a witness at the time, if the witness has not present remembrance and his recollection is not refreshed by said memorandum, may, if the witness testifies it was true when made, be admitted in evidence, but appellant states:

"The report itself, or any part thereof, was never offered into evidence as a 'past recollection.' "

We agree with appellant that the State police officers' testimony "purported to support the defendant's theory," but disagree that the court erred in allowing the testimony of the State police officers to be considered by the jury.

The court instructed the jury:

"I instruct you, members of the jury, that you may draw reasonable and legitimate inferences from the established facts. Negligence and contributory negligence may be inferred from facts and circumstances. Physical facts may justify a jury finding that defendant is negligent or that plaintiff is guilty of contributory negligence. Negligence or contributory negligence may be inferred from certain circumstances which place the case within the field of legitimate inferences from established facts."

The record discloses that testimony was introduced in regard to physical facts that would justify a jury finding plaintiff guilty of contributory negligence; and, further, there was introduced facts that would justify a jury conclusion that plaintiff's negligence should be inferred from such proven facts.

Appellant contends the court erred in instructing that:

"Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other condition then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured, clear distance ahead."*

In support of his contention that the court erred in giving this assured clear distance instruction, appellant states:

"Under the defendant's theory of the case, the defendant was on his own side of the road with sufficient room for the plaintiff to pass to the right without a collision. If the jury found this to be true, then the plaintiff is defeated purely on the basis that he has proved no negligence which was a proximate cause of this accident, and whether or not the plaintiff could stop within any given distance is not proximately involved.

"On the other hand, if the jury found that the defendant was over the center line, then, while the jury may well have found that the plaintiff proceeded without stopping in the face of an obstruction to his assured clear distance ahead, yet, nevertheless, this violation of the assured clear distance rule could not be a proximate cause of the resulting collision because, as illustrated by the *Odell* (*Odell* v. *Powers,* 284 Mich 201) and *Winslow* (*Winslow* v. *V. F. W. National Home,* 328 Mich 488) *Cases, supra,* the accident would have happened anyway."

Defendant in his pleadings claimed the plaintiff was driving at an unsafe and excessive speed and that the plaintiff failed to observe the posted signs on the highway.

The only testimony as to defendant's speed at the time of collision was defendant's own testimony that

---

* See CLS 1956, § 257.627, as amended by PA 1957, No 190 (Stat Ann 1957 Cum Supp § 9.2327).—REPORTER.

he "was traveling at a very slow rate of speed, probably, as I said, 15 or 20 at the most."

Plaintiff admitted that he did not see the bridge until he was "awfully close" to it, and defendant testified that plaintiff when 50 feet east of the bridge was traveling better than 60 miles per hour.

The conflict of evidence justified the court's instruction to the jury in regard to the assured clear distance rule, especially when the court also instructed:

"I charge you that even though you find the plaintiff was operating his vehicle at too high a rate of speed, you are nevertheless to ignore this fact in your deliberations, if you find that it did not cause the plaintiff to cross the center line and strike the defendant, or if you find that it was not a proximate cause of the accident.

"I charge you, further, that if you find that the plaintiff was operating his motor vehicle at too high a rate of speed or that he failed to see the signs leading to the bridge when he should have seen them, you must nevertheless disregard this evidence entirely if you find that neither of these 2 acts of negligence were a proximate cause of the accident, or if you find that neither of these 2 acts of negligence caused the plaintiff to cross the center line and strike the defendant's vehicle."

Plaintiff's claim that the court committed prejudicial and reversible error in unduly restricting plaintiff's presentation of his case is not sustained by the record.

Affirmed. Costs to appellee.

Carr, C. J., and Dethmers, Kavanagh, Souris, and Otis M. Smith, JJ., concurred with Kelly, J.

Black, J., concurred in result.

O'Hara, J., took no part in the decision of this case.