MILES v. CLAIRMONT TRANSFER COMPANY

1. WITNESSES—REFRESHING RECOLLECTION—MEMORANDUM—INSPEC-
TION.

Memoranda on paper reviewed by a witness prior to his testimony
to refresh his memory regarding events to which he is to testify
must be shown to opposing counsel upon request in order to
facilitate cross-examination.

2. WITNESSES—REFRESHING RECOLLECTION—MEMORANDUM—INSPEC-
TION.

Denial of plaintiffs' counsel's request to inspect a written state-
ment which had been given to defendant's insurance company
by an eyewitness to the accident was reversible error where
the eyewitness, on cross-examination, admitted that he had
reviewed that statement just prior to his testifying for the
defendant in order to refresh his memory as to the time and
date of the disputed accident.

Appeal from Ontonagon, Donald L. Munro, J.
Submitted Division 3 May 13, 1971, at Grand Rapids.
(Docket No. 8549.)   Decided July 28, 1971.

Complaint by Michael J. Miles and Vivian Miles
against Clairmont Transfer Company for damages
from injuries sustained in an automobile accident.
Judgment for defendants.   Plaintiffs appeal.   Re-
versed and remanded for a new trial.

*Wisti, Jaaskelainen & Bourland,* for plaintiffs.

*Messner, LaBine & Vairo,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 29 Am Jur 2d, Evidence § 876.
 58 Am Jur, Witnesses § 601.

Before: FITZGERALD, P. J., and HOLBROOK and LEVIN, JJ.

PER CURIAM. This is an automobile negligence action brought by plaintiffs Michael J. Miles and his wife Vivian Miles. On November 21, 1969, a judgment on the jury verdict of no cause of action for defendant was entered. Plaintiffs have appealed.

On July 8, 1968, at 8 a.m., Mr. Miles was driving his automobile on highway M–64 in a southerly direction approaching the intersection of Plant Site Road. The defendant's employee was driving a truck on Plant Site Road in a westerly direction approaching the intersection with highway M–64. Defendant's vehicle was required to stop before entering highway M–64. Plaintiffs' witness testified that defendant's driver did not stop but proceeded into the intersection when the plaintiff driver was in close proximity thereto. Plaintiff driver observing defendant's vehicle, applied his brakes to avoid a collision, causing his vehicle to go out of control, skidding off the highway and down a hill. The plaintiff driver claimed to suffer injuries as a result.

Defendant's witnesses testified that its driver did stop at the intersection and that plaintiff driver was driving at an excessive rate of speed, and further that defendant's driver was not guilty of any negligence. Plaintiffs raise two issues on this appeal.

(1) Is it reversible error to deny counsel the right to examine a memorandum which a witness reviewed to refresh his memory as to the date and time of the incident before testifying?

The defendant called an eyewitness to the incident. This witness testified on cross-examination

that just before coming into the courtroom he had reviewed his own written statement given to defendant's insurance company. Plaintiffs' counsel requested an opportunity to examine this memorandum. The request was denied on the ground that it could have been obtained through discovery proceedings.

In 82 ALR2d, Refreshment of Recollection by Use of Memoranda or Other Writings, § 63, Memorandum used out of courtroom; production not generally required, it is stated on p 562:

"Notwithstanding authority to the contrary, it has been held in many recent decisions that where a witness has refreshed his present recollection prior to the time of giving testimony, by the use of papers or memoranda out of court, he is not, unless the court in its discretion orders otherwise, obliged to produce them to allow the opposing party to make an inspection."

Under this annotation we fail to find any Michigan cases cited.

In 3 Wigmore on Evidence (Chadbourn rev 1970), § 762, writing must be shown to the opponent, on demand, for inspection and cross-examination; memoranda used before trial, it is stated at pp 136, 139, 140:

"On a general principle (§ 1861 infra), that has in view the risk of imposition and false aids, against which the opponent is entitled to the means of protection, the writing must be *shown to him on request.* Furthermore, as by this opportunity of *inspection* the opponent is guarded against imposition clearly apparent, so by *cross-examination* based on the paper he may further detect circumstances not appearing on the surface, and may expose all that detracts from the weight of testimony.

\* \* \*

"Clear as the justice of this would seem to be, there are courts which deny it, and others which seem to. They are led away, in most instances, by perceiving the general distinction between a record of past recollection and a paper reviving present recollection, and by concluding that, because the rule about producing originals applies to the former (§ 749 *supra*) but not to the latter (§ 760 *supra*), therefore it is unnecessary to produce and show the paper to the opponent. These decisions, however, are in a small minority, and have no principle to support them. Just how much of the document may be examined by the opponent (for example, when it is a book of accounts) depends much on the circumstances of each case; in general, the parts relative to the subject of testimony, not merely the parts used by the witness, may be seen.

"The rule should apply, moreover, to a memorandum *consulted* for refreshment *before trial* and not brought by the witness into court; for, though there is no objection to a memory being thus stimulated, yet the risk of imposition and the need of safeguard is just as great. It is simple and feasible enough for the court to require that the paper be sent for and exhibited before the end of the trial."

Wigmore's treatise cites the Michigan cases of *Duncan* v. *Seeley* (1876), 34 Mich 369 and *People* v. *Lyons* (1882), 49 Mich 78, in its annotations of states which follow this general rule. Also see *Cortland Manufacturing Company* v. *Platt* (1890), 83 Mich 419; *People* v. *Schepps* (1922), 217 Mich 406.

We also find in 82 ALR2d, § 64, on pp 568, 569, that the cases of *State* v. *Hunt* (1958), 25 NJ 514 (138 A2d 1), *Alfredsen* v. *Loomis* (1956, Sup Ct) 148 NYS2d 468, and *In Re Hewett's Will* (1947), 271 App Div 1054 (70 NYS2d 3; aff'd 297 NY 565, 74 NE2d 482) are discussed. The rulings in all three of these cases are consistent with the general rule as set forth in Wigmore on Evidence.

We are constrained to rule that it was reversible error for the trial court to refuse the request of plaintiffs' counsel to inspect the statement and use it in his cross-examination of defendant's witness.

(2) This issue pertains to claimed errors resulting in the manner in which the verdict of the jury was received, specifically the confusion attending the polling of the jury. Some members of the jury attempted to be helpful by offering information other than that required or requested. These volunteered statements caused the confusion. We believe that this will not occur again on retrial and, therefore, do not consider this issue.

Reversed and remanded for a new trial.

Costs to plaintiffs.