KINNEY *v.* MASON ELEVATOR

1. NEGLIGENCE — EVIDENCE — PRIOR ACCIDENTS — ADMISSIBILITY — DEFENDANT'S KNOWLEDGE.

Evidence of prior accidents at the same place and arising from the same cause as the accident plaintiff complained of is

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 29 Am Jur 2d, Evidence § 305 *et seq.*
  Admissibility, on issue of defendant's negligence in respect of condition of place where plaintiff was injured, of evidence of prior accidents or injuries at same place. 70 ALR2d 167.
[3] 5 Am Jur 2d, Appeal and Error § 737.
[4] 22 Am Jur 2d, Damages § 171 *et seq.*

admissible to show defendant's notice or knowledge of the defective or dangerous condition alleged to have caused the accident, as well as to show defendant's negligence; however, evidence about prior accidents arising from causes other than the causes of the accident before the court is inadmissible.

2. NEGLIGENCE—EVIDENCE—PRIOR ACCIDENTS—DIFFERENTLY CAUSED ACCIDENTS.

The reading of deposition testimony relating to prior vehicle accidents at defendant's corn elevator was reversible error where the other accidents had different causes than the one complained of, even though another witness testified, without objection, regarding prior accidents where the accidents the witness testified about were the same as mentioned in the deposition.

3. NEGLIGENCE—EVIDENCE—INADMISSIBLE EVIDENCE—PRIOR ACCIDENTS—GENERAL VERDICT—APPEAL AND ERROR—NEW TRIAL.

A new trial must be held where the appellate court is unable, because of a general verdict returned in plaintiff's favor, to determine whether the jury considered improperly-admitted evidence regarding prior accidents at defendant's elevator arising from causes different from the dangerous or defective condition alleged by plaintiff and whether that objectionable testimony prejudiced defendant.

4. DAMAGES—LOSS OF PROFITS.

Damages for loss of profits on corn and hogs is restricted to loss of profits on the hogs where the plaintiff raised corn for hog feed, not for sale; the expense of the corn production should be added to the cost of the hogs.

Appeal from Ingham, Donald L. Reisig, J. Submitted Division 2 November 9, 1971, at Lansing. (Docket No. 10208.) Decided December 6, 1971. Appeal dismissed by stipulation, 386 Mich 790.

Complaint by Lyle B. Kinney against Mason Elevator for negligence. Judgment on verdict for plaintiff. Defendant appeals. Reversed and remanded for new trial.

*Sinas, Dramis, Brake & Turner, P. C.* (by *Barry D. Boughton*), for plaintiff.

*Foster, Lindemer, Swift & Collins* (by *Webb A. Smith*), for defendant.

Before: McGREGOR, P. J., and FITZGERALD and QUINN, JJ.

QUINN, J. April 6, 1967, plaintiff brought a wagonload of corn to defendant to have the corn ground into feed. For unloading purposes, the wagon was placed on a hoist which tilted the wagon in the direction of a shuttle that received the corn from the wagon. A "wheel stop" or retaining bar was raised from the bed of the hoist behind the rear wheels of the wagon to prevent it from rolling backward. The bar was raised to a height of approximately 14 inches from the bed of the hoist. While plaintiff was behind the wagon, between it and the shuttle, the wagon rolled backwards, pinning plaintiff between it and the shuttle.

Alleging that defendant was negligent in failing to provide sufficient retaining devices to hold the wagon during unloading, plaintiff brought this action to recover his damages arising from the occurrence. Plaintiff recovered by jury verdict, and from the judgment entered thereon and from the denial of post-trial motions, defendant appeals.

At trial, over defendant's objection, plaintiff read portions of James L. Birney's deposition into the record. Mr. Birney was one of the owners of defendant. The portions of his deposition that were read related to two prior incidents when vehicles rolled off the hoist. Defendant's objection was that plaintiff had failed to establish the foundation required for the admission of evidence of similar occurrences. The first error asserted relates to this evidence.

Two or 2-1/2 years prior to April 6, 1967, a pickup truck owned by one Hayes rolled off the hoist when the retaining bar was inadvertently lowered. Some time prior to that a pickup truck belonging to Bruhn rolled off the hoist. On the latter occasion, the retaining bar could only be raised about five inches because of a spare tire that hung below the bed of the Bruhn vehicle.

Evidence of prior accidents at the same place and *arising from the same cause* is admissible to show defendant's notice or knowledge of the defective or dangerous condition alleged to have caused the accident, as well as defendant's negligence, *Freed* v. *Simon*, 370 Mich 473 (1963). The record establishes that the accident involving the vehicles of Hayes and Bruhn arose from causes different than the cause in Kinney. It was error to admit the portions of the Birney deposition objected to by defendant.

Plaintiff argues that assuming the error, it is not reversible error because another witness testified without objection concerning prior accidents. The argument fails, however, because this witness was also testifying about the Hayes and Bruhn accidents, neither of which established notice or knowledge of a defective or dangerous condition in the hoist or negligence on the part of defendant.

From the general verdict that was returned in this case, this Court is unable to ascertain whether or not the jury considered the improperly admitted evidence, and we cannot say the objectionable testimony was not prejudicial, *Marshall* v. *Wabash R. Co.,* 171 Mich 180, 183 (1912).

Of the remaining issues raised on appeal, we discuss only one because it may recur on retrial. Plaintiff claimed damages for loss of profits on corn and hogs. The proofs showed that plaintiff

raised corn for feed for the hogs; he did not raise corn for sale. If similar proof develops on retrial, damages in this area should be restricted to loss of profits on the hogs and the expense of the corn production should be added to the cost of the hogs.

Reversed and remanded for new trial with costs to defendant.

All concurred.