WEBSTER v CENTRAL PAVING COMPANY

1. EVIDENCE—AUTOMOBILES—ACCIDENT REPORTS—ADMISSIBILITY—
   STATUTES.

   An accident report prepared at the time of the accident by a
   police officer who died prior to trial is inadmissible as evidence
   at a trial of a suit to recover damages sustained in a motor
   vehicle accident because the clear legislative intent of a statute
   bars such statutorily mandated reports from admission into
   evidence (MCLA 257.624).

2. EVIDENCE—AUTOMOBILES—STATEMENTS—WITNESSES—MEMORANDA
   —REFRESHING RECOLLECTION—INSPECTION—CROSS-EXAMINA-
   TION.

   Plaintiffs' counsel were entitled to have an opportunity to exam-
   ine and use in cross-examination a statement made by a
   defendant to an insurance adjuster after a motor vehicle acci-
   dent nearly two years before trial but reviewed by the defend-
   ant only a week before testifying where they requested it;
   counsel has an immediate right to see any memoranda used by
   a witness to refresh his memory and to use such memoranda in
   cross-examination.

3. TRIAL—DISCOVERY—PRETRIAL DISCOVERY—DEPOSITIONS—TIMELI-
   NESS.

   Pretrial discovery petitions must be timely and if they are not a
   trial judge in his discretion may deny discovery when the
   process interferes with the expeditious disposition of civil litiga-
   tion, but an exception to this rule arises when opposing counsel
   uses a deposition previously made and reviewed before trial.

Appeal from Bay, Leon R. Dardas, J. Submitted
Division 3 November 7, 1973, at Lansing. (Docket
No. 13279.) Decided January 14, 1974.

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 609.
[2] 29 Am Jur 2d, Evidence §§ 876, 877.
[3] 53 Am Jur, Trial §§ 9, 12.

Complaint by Lanora Webster and Claude Webster against Central Paving Company, John E. McDonald & Sons, Inc., and Willis Nutt, for damages for personal injuries received in an automobile-truck accident. Verdict and judgment for defendants. Plaintiffs appeal. Reversed and remanded for new trial.

*Cicinelli, Mossner, Majoros, Harrigan & Alexander,* for plaintiffs.

*Smith & Brooker, P. C.* (by *James W. Tarter),* for defendant Central Paving Company.

*Isackson & Neering, P. C.,* for defendants McDonald and Nutt.

Before: BASHARA, P. J., and McGREGOR and BRONSON, JJ.

BASHARA, P. J. Plaintiffs brought suit to recover damages sustained as a result of a collision between their automobile and defendants' truck on May 11, 1968. After hearing the evidence of the parties, the jury returned a verdict of no cause for action in favor of all the defendants. Plaintiffs appeal.

The first claim of error concerns the admission into evidence of a police accident report prepared by an officer at the time of the accident who died prior to trial. The report contained a statement allegedly made by plaintiff to the deceased officer in which she said "the last she remembers was that she was passing a blue car". Defendants, through another officer, sought to introduce the statement in the report for impeachment purposes. The statement would have the effect of contradicting plaintiff's testimony at trial where she explicitly recalled all facts up to the time of the acci-

dent. Plaintiffs contend that the report is inadmissible as hearsay evidence and that its use is also barred by the terms of MCLA 257.624; MSA 9.2324.[1] Defendants, however, argue that the report can be admitted under the hearsay exceptions of res gestae and business records.[2]

In order for defendants to succeed in their argument for admission of the report they must overcome "multiple" or "double hearsay" problems involving the report. They must first show a hearsay exception exists for allowing the deceased officer to have recorded the statement of the driver after the accident. We may assume, without now deciding, that defendants could have shown the statement constituted a party admission or a res gestae statement, both being recognized hearsay exceptions. 5 Callaghan's Michigan Pleading and Practice (2d ed), § 36.498, § 36.535, pp 58, 132. The second step in this double hearsay analysis presents more difficulty for the defendants. Since the report was prepared by a now unavailable witness, the defendants must show a hearsay exception for the report itself to be admitted into evidence. They have taken the position that the accident report qualifies as a business record and is admissible over hearsay objections. While the argument might seem persuasive for hearsay purposes and has precedent in certain states,[3] it fails when confronted with the clear legislative intent of MCLA 257.624; MSA 9.2324 barring statutorily mandated reports from admission into evidence. We note that the courts have created exceptions to

---

[1] "Sec. 624. The reports required by this chapter shall not be available for use in any court action, but it shall be for the purpose of furnishing statistical information as to the number and cause of accidents."

[2] MCLA 600.2146; MSA 27A.2146.

[3] *See* 69 ALR2d 1148.

the above statute in allowing officers to testify from reports to physical facts they observed at the scene of the accident, *Bliss v Kaplan,* 369 Mich 293; 119 NW2d 533 (1963), and admissions made to them by the drivers, *Carlson v Brunette,* 339 Mich 188; 63 NW2d 428 (1954). However, we do not view the present argument for including "business records" as sufficiently strong to further circumvent the intent of the statute. In finding the report inadmissible, we also conclude that reversible error was committed. The plaintiffs' credibility and version of the facts were central issues in the case. By impeaching plaintiff Lanora Webster in both respects and because a general verdict of no cause for action was returned, we cannot say that her cause was not prejudiced. *Kinney v Mason Elevator,* 37 Mich App 344, 347; 194 NW2d 408, 409 (1971).

Plaintiffs next assert error by the trial court in denying plaintiffs' counsel the opportunity to examine and use a statement made by defendant Nutt to an insurance adjuster after the accident. It appears that the statement was made nearly two years before trial, but defendant had reviewed it only a week before testifying. It is the established rule that pretrial discovery petitions must be timely. If they are not, a trial judge in his discretion may deny discovery when the process interferes with the expeditious disposition of civil litigation. *Klabunde v Stanley,* 384 Mich 276; 181 NW2d 918 (1970). The distinguishing feature and the exception to this rule arises when opposing counsel uses a deposition previously made and reviewed before trial. In *Papajesk v The Chesapeake & Ohio Railway Co,* 14 Mich App 550, 557; 166 NW2d 46, 49 (1968), the Court held:

"The weight of authority holds that counsel has an

immediate right to see any memoranda used by a witness to refresh his memory and to use such memoranda in cross-examination."

This Court, faced with a similar situation, held in *Miles v Clairmont Transfer Co,* 35 Mich App 319, 323; 192 NW2d 619, 621 (1971):

"We are constrained to rule that it was reversible error for the trial court to refuse the request of plaintiffs' counsel to inspect the statement and use it in his cross-examination of defendant's witness."

In view of the foregoing authority we agree with the plaintiffs' contention.

Plaintiffs' final claim of error concerns the trial court's misreading of their theory in the instructions to the jury. Reversal and order of a new trial on the basis of the first two issues precludes consideration and discussion of this issue, as the problem is not likely to arise in the second trial.

Reversed.

All concurred.